# Watts *v.* Montgomery Traction Company.

## *Collision Accident.*

(Decided January 18, 1912.  57 South. 471.)

1. *Negligence; Violation of Ordinance.*—The violation of an ordinance is negligence per se, and entitles one to damages who has been injured in person or estate as a proximate result thereof.

2. *Same; Contributory Negligence.*—Where the plaintiff violates an ordinance, it may be contributory negligence if it proximately contributed to the injury, provided the ordinance was enacted for the defendant's benefit, and not merely for the public generally, or for a class.

3. *Street Railways; Collision Accident; Contributory Negligence.*—As the ordinance requiring vehicle drivers to keep to the right of the center of the street was not enacted for the benefit of a street car company, though their tracks be in the center of the street, such street car company is not in position to plead contributory negligence on account of the owner being in the center of the street contrary to the ordinance, when sued for damages to an automobile, caused by one of its cars striking it.

4. *Same.*—The driver of an automobile running ahead of a street car was not guilty of contributory negligence in failing to signal the motorman to stop unless such driver knew that the car was approaching.

5. *Same; Accident; Evidence.*—Where the evidence showed that the automobile was being run astride the south rail of the street car track which was twelve feet from the south curb, while the north rail was fifteen feet from the north curb, the automobile was on the right hand side of the center of the street, and an ordinance requiring vehicle drivers to keep to the right of the center of the street became irrelevant and immaterial.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Edw. S. Watts against the Montgomery Traction Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The action was for damages to an automobile, caused by the automobile being struck by a car and demol-

ished; the automobile at the time being run ahead of the car and in the same direction as the car.

Plea 8 is as follows: "Defendant says: That the accident occurred on one of the streets of the city of Montgomery, within the limits of said city. That at said time, and for a long time, there had been an ordinance of the city of Montgomery in force and effect, namely, section 1093 of the City Code of Montgomery, reading as follows: 'Sec. 1093. Any person who willfully fails to keep to that side of the street which is to the right of the driver while driving any vehicle through the streets * * * must on conviction be fined not less than $1.00 nor more than $100.00.' That on the day and date of the alleged injuries of the said automobile the same was being driven by one Felder, who negligently and in violation of said ordinance failed to keep to that part of the street on his right, but drove the same along the middle of said street, and in that part of the same where defendant's tracks are located, so that defendant's car could not safely pass same without colliding therewith, and the negligence of said driver of said automobile and violation of said ordinance, to keep to the right of the street, contributed proximately to the injuries complained of in the complaint."

The fifth ground of demurrer was that the ordinance referred to was not passed, according to the averments of said plea, for the benefit of the defendant, or its employees engaged in the business of the defendant.

J. T. LETCHER, for appellant. The driver had as much right to the street as the appellant's street car.— 27 A. & E. Enc. of Law, 28. It is not negligence per se for one in charge of a vehicle to drive along or across car tracks which are a part of the public street.—B. R. & E. Co. v. City Stables, 119 Ala. 615; Glass v. R. R.

*Co.,* 94 Ala. 518. Hence, demurrer to plea 8 should have been sustained on its first ground, as well as on its 8th, 9th and 10th grounds. The plea was not made good by the general averments of contributory negligence if the facts therein set out were insufficient to show such negligence.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 571; *So. Ry. Co. v. Branyon,* 145 Ala. 662; *Forbes & Carliss v. Davidson,* 41 South. 312. The plea was also defective because the ordinance set up therein was not enacted for the benefit of defendant, but for the public generally.—29 Cyc. 438; *Frontier S. L. Co. v. Connolly,* 68 L. R. A. 425; *Brember v. Jones,* 26 L. R. A. 408; *Wolf v. Smith,* 9 L. R. A. (N. S.) 343, and note. Some causal connection must be shown between the alleged contributory negligence and the injury.—*Wolf v. Smith, supra;* s. c. 160 Ala. 644. Plea 9 was insufficient because failing to allege that the driver of the vehicle knew of the approach of the car.

RAY RUSHTON and W. M. WILLIAMS, for appellee. The violation of a statute or city ordinance is negligence per se, and is a complete defense to an action for injuries, if a violation of the statute or ordinance proximately contributed to the injury.—29 Cyc. 437; *K. C. M. & B. v. Flippo,* 138 Ala. 487; *Sloss-S. Co. v. Sharpe,* 156 Ala. 284; *Wise v. Morgan,* 44 L. R. A. 548; *Parker v. Barnard,* 135 Mass. 116; 146 Mass. 596; 59 Conn. 1; 64 Am. St. Rep. 44; 37 L. R. A. 591; 23 S. E. 1061. Special plea 8 is sufficient in its allegations.—28 Cyc. 394. The defendant had as much interest in the enforcement of the ordinance as did the driver of any other vehicle, and a plea showing the violation of such ordinance contributing proximately to plaintiff's injury is a complete and conclusive defense.—75 Ill. 93; 42 Am. St. Rep 508; 60 Mo. 475; Sherman & Redfield on Neg. sec. 13; 17 L.

[Watts v. Montgomery Traction Company.]

R. A. 588; 85 Am. Dec. 408; 67 Am. St. Rep. 252; see also.—*L. & N. v. Murphy,* 129 Ala. 432; *C. of Ga. v. Sturgis,* 43 South. 96. One who sustains a special and particular injury from an unlawful act prejudicial to the public may maintain an action for his own special injury.—*Gray v. Mobile T. Co.,* 55 Ala. 387. Legislative enactments of this type are construed as creating a duty both to the public and to private individuals, and to liberally interpret the class of persons for whose benefit the law was made.—111 N. W. 279; 135 Mass. 46; 106 Am. St. Rep. 377; 23 S. W. 1061. The court did not err in permitting the ordinance to be introduced in evidence.—47 L. R. A. 548. Plea 9 was a good plea of contributory negligence.—*B. R. L. & P. Co. v. Yates,* 169 Ala. 387.

ANDERSON, J.—The decisions as to the legal effect of violating a statute or ordinance are not harmonious. In some cases it is held that such violation is not negligence per se, but that it is competent evidence of negligence, and may be sufficient to justify a jury in finding negligence in fact.—29 Cyc. 437, and cases cited in note. However, it is settled in Alabama, and we think it is the weight of authority, that a violation of a statute or an ordinance is negligence per se, and a person proximately injured thereby may recover for such injuries against the violator of the law.—*Kansas City R. R. v. Flippo,* 138 Ala. 487, 35 South. 457; *Sloss-Sheffield Co. v. Sharp,* 156 Ala. 289, 47 South. 279; *Wise v. Morgan,* 101 Tenn. 273, 48 S. W. 971, 44 L. R. A. 548; *Parker v. Barnard,* 135 Mass. 116, 46 Am. St. Rep. 450; *Newcomb v. Boston Prot. Dpmt.,* 146 Mass. 596, 16 N. E. 555, 4 Am. St. Rep. 354; *Terre Haute R. R. v. Williams,* 172 Ill. 379, 50 N. E. 116, 64 Am. St. Rep. 44; *Rosse v. St. Paul R. R.,* 68 Minn. 216, 71 N. W. 20, 37 L. R. A. 591, 64 Am. St. Rep. 472.

We are not cited to and have found no Alabama case where the violation of a statute or ordinance by the injured party was pleaded by the defendant by way of contributory negligence; yet we see no reason why such a violation, if proximately causing the injury complained of, cannot be set up as a defense to the simple negligence charged in the complaint. Such a defense has been approved, and we think properly so, in the cases of *Broschart v. Tuttle,* 59 Conn. 1, 21 Atl. 925, 11 L. R. A. 33; *Weller v. Chicago R. R.,* 120 Mo. 635, 23 S. W. 1061. The statute or ordinance violated, however, must have been enacted for the benefit of the party who seeks to invoke its violation as distinguished from the public generally or a class to whom the ordinance necessarily applies.—29 Cyc. 438; *L. & N. R. R. Co. v. Murphree,* 129 Ala. 432, 29 South. 592; *Cen. of Ga. Rwy. v. Sturgis,* 149 Ala. 573, 43 South. 96.

A municipality would no doubt have the right, under its police power, to regulate the travel upon its streets so as to prevent congestion and collision, and could thereby protect all persons using the streets, including street cars; but it is manifest that the ordinance in question was not intended for the protection of street railways, as the wording and meaning of same does not exclude vehicles from their tracks. The ordinance does not require the drivers of vehicles to keep off of the street railway tracks, but only requires them to keep on the side of the street to the right; that is, they must remain to the right of the center of the street. If they do this, they do not violate the ordinance, notwithstanding they may be upon the track of a street car line. It may be that most of the street car tracks are laid in the center of the street, and an ordinance requiring vehicles to stay to the right of the track, if there is space enough for them to do so, would no doubt be a reasonable one;

[Watts v. Montgomery Traction Company.]

but such is not the present ordinance, as it only requires the vehicle to be to the right of the center of the street. Again, there may be street car tracks laid within either side of the streets, and, if a driver kept to the right of the center of the street, he would not violate the ordinance, although he may drive upon or along the street car track. It is plain that the ordinance in question was not intended to keep vehicles off of street car tracks or for the protection of street car companies.

Plea 8, if not otherwise faulty, was subject to grounds 5, 11, and 12 of the plaintiff's demurrer, and the trial court erred in not sustaining same.

The negligent failure of the plaintiff's agent, Felder, to hollo, warn, or signal the defendant's motorman is a mere conclusion. There is nothing in the plea to indicate that Felder knew of the approach of the car, and he cannot be said to be guilty of negligence for failing to give a signal to stop the car unless he knew it was approaching.

Aside from the infirmity of the eighth plea, the trial court erred in admitting the ordinance in evidence, over the objection of the plaintiff, as it was immaterial and irrelevant. The undisputed evidence shows that the auto was on the right-hand side of the street. The automobile was astride the south rail of the track, and which said south rail was 12 feet from the south curb. The north rail was 15 feet from the north curb, and was therefore in the center of the street, and the auto was to the right of said north rail and was upon the right-hand side of the street.—See testimony of Berry, page 16 of the record.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.