(133 So. 10)

### NEWMAN et al. v. LEE.
#### 7 Div. 28.

Supreme Court of Alabama.
March 19, 1931.

W. T. Starnes, of Pell City, for appellants.

Frank B. Embry, of Pell City, for appellee.

FOSTER, J.

Appellee recovered a judgment against appellants for damages resulting from a collision between a car driven by plaintiff and a truck of defendants. The affirmative charge was not due defendants because of the failure to prove the existence of the partnership which the complaint alleged to exist between defendants, because there was no plea which required such proof. Section 7665, Code.

Though the violation of an ordinance may be negligence per se, it will not support an action for damages nor be a defense to one unless it proximately contributed to the injury. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Cooper v. Agee, ante, p. 334, 182 So. 173.

It may not be error to charge the jury that such a violation is negligence per se (Smith v. Baggett, 218 Ala. 227, 118 So. 283); but it does not follow that therefore the defense of contributory negligence is established, and that defendant is due a verdict as stated in refused charge No. 2, for that follows only from a further finding that the violation of the ordinance was a proximate contributing cause of the accident, as well as that it was enacted for the benefit of the one claiming under it. Watts v. Montgomery Traction Co., supra; Ivey v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173; Salter v. Carlisle, 206 Ala. 163, 90 So. 283; Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382; Cooper v. Agee, supra.

The court charged the jury correctly as to plaintiff's contributory negligence, and we find no error in refusing charge No. 2.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.