14 So.2d 157

### ROGERS v. CROW.

### 7 Div. 751.

Supreme Court of Alabama.

June 10, 1943.

Rehearing Denied June 30, 1943.

L. L. Crawford and C. A. Wolfes, both of Fort Payne, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

FOSTER, Justice.

The only question which we need discuss on this appeal is involved in giving two written charges to the jury for defendant, in substance that there was no duty on the part of defendant to stop before leaving the street along which he was traveling by automobile, and from which he turned to his right at the corner of an intersecting street.

Plaintiff was run against by defendant operating a car in Ft. Payne, at an important street intersection, in a business center. There was evidence that plaintiff was standing about two or two and a half

feet from the curb in the projected course of defendant's car, as it turned at the intersection: that it was at night, and the intersection was dark; no street or other lights were burning at the time and place; cars were parked on both sides of the intersection to defendant's right; that plaintiff was in the space marked for the crossing by pedestrians, watching the movement of cars approaching the intersection from in front, not observing defendant's car approaching from his rear; that defendant's car hit him in the back as he thus stood and caused the injuries. Defendant's evidence tended to show that plaintiff was further out in the street, about twenty-four feet, and not in the marked space referred to; that defendant was traveling five or ten miles an hour; that he saw the bulk of something, applied the brakes and stopped instantly, but not before his car hit plaintiff, who defendant said was stooped over; that a clear view of the corner was impossible from his position driving around it.

We think the charges A and B, mentioned above, invaded the province of the jury. In Cooper v. Agee, 222 Ala. 334, 336, 132 So. 173, 174, we stated a principle of law as follows: "The motorist must exercise due care to anticipate the presence of others upon the highway and not to injure him after he is aware of his presence. 1 Berry on Auto. §§ 337, 339; 42 C.J. 909; 2 R.C.L. 1184. He is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which, or a traveler whom, he could have discovered in time to avoid the injury in the exercise of reasonable care. 42 C.J. 911. The jury may infer that defendant was negligent either in the failure to keep a lookout and see plaintiff or that, if he saw plaintiff, he neglected to use due care to avoid injuring him. Stone v. Mullen, 257 Mass. 344, 153 N.E. 565." See, also, White Swan Laundry v. Wehrhan, 202 Ala. 87, 79 So. 479; Harbin v. Moore, 234 Ala. 266, 175 So. 264.

Also the driver of a car in turning from a direct line in which he is traveling must first see that such movement can be made in safety, and give designated signals. Section 17, Title 36, Code of 1940.

There is no positive rule of law that requires him to stop before making a turn in an intersection to his right, or that authorizes the movement without stopping. But the diligence required and the particular act necessary to constitute due care are dependent upon the circumstances. If he could not see around the corner as he was traveling, at a time when pedestrians were likely to be there, either in the act of crossing or in a reasonably proper position waiting to see if a crossing would be safe, so that he could not see plaintiff thus situated before it was too late, whether he should have stopped in the discharge of his duty to plaintiff, under the rules we have stated, before making the attempt to go around the corner, was a question for the jury and should not have been withdrawn from them by the court. See White Swan Laundry v. Wehrhan, supra.

The other given charges D and E, which appellant insists were erroneous, relate to the measure of damages which could only have application in event the jury found for plaintiff. Since the verdict was for defendant, the charges were given without prejudicial error, regardless of other questions. The same legal status need not arise on another trial.

For the error in giving charges A and B, supra, for defendant, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.