52 So.2d 184

### TRIPLETT v. DANIEL.
### 7 Div. 70.

Supreme Court of Alabama.
March 15, 1951.

Rehearing Denied May 10, 1951.

Ellis & Fowler, of Columbiana, for appellant.

Knox, Dixon & Wooten, of Talladega, for appellee.

STAKELY, Justice.

Mrs. Della Triplett (appellant) brought suit against L. M. Daniel for damages on account of alleged personal injuries sustained by her in a traffic accident on January 1, 1948 on Broad Street in the City of Sylacauga, Alabama. The case was tried on a count alleging simple negligence to which the defendant pleaded in short by consent the general issue with leave to give in evidence any matter which would be admissible in evidence if well pleaded. Trial of the case resulted in a verdict and judgment in favor of the defendant. Hence this appeal.

Reversal is sought on the rulings of the court made in connection with certain charges given by the court at the request of the defendant.

On January 1, 1948 the plaintiff was driving her automobile along Broad Street, a public street or highway in the City of Sylacauga. She was proceeding in a northerly direction approaching 8th Street. Three blocks south of the intersection a railroad crosses Broad Street. A train blocked the street and this stopped traffic. There were some three, four or five cars immediately ahead of the plaintiff's car and the defendant's truck was immediately behind her. After the train cleared the street crossing the traffic proceeded north. The defendant's truck ran into the plaintiff's car from the rear.

Testimony for the plaintiff tended to show that when she was approaching the 8th street crossing the red traffic light came on. The cars in front of her were slowing down gradually and coming to a stop. She likewise slowed down gradually and came to a stop behind the other three or four automobiles. The defendant's truck was considerably behind her after leaving the railroad crossing. It was about a half minute behind her when she came to a stop. After her car came to a complete standstill and after it had been in that position about a half minute the defendant's truck crashed into her car from the rear. She testified that when the defendant's truck struck her car she was thrown forward against the steering wheel from which she received injuries to her breast and other personal injuries.

Testimony for the defendant tended to show that the truck of the defendant after leaving the railroad crossing was moving in the line of cars at a speed from 15 to 20 miles per hour, the truck being within 15 to 20 feet of plaintiff's car. In this

568

situation the plaintiff's car came to a stop without warning of any kind. The driver of defendant's truck did not see the cars in front of plaintiff stopping and the traffic light was green.

It is undisputed that the plaintiff was fully aware that the defendant's truck was the next vehicle behind her car in the line of traffic. On the morning of January 1, 1948 it was cold, a rather hazy day. All the windows of her car were up with the exception of a small opening in the front window for ventilation. The heater was on in the car. She gave no signal preceding the impact other than holding up her right hand inside the car in the center of the automobile. At no time did she lower the lefthand front window of her automobile or indicate her intention to stop by giving any other signal to stop. At no time did she hold out her hand horizontally beyond the left side of her automobile.

■ We have concluded that the giving of charge C requested by the defendant constitutes error. Testimony for the plaintiff tended to show that the defendant's truck was considerably behind her after leaving the railroad crossing and that after her car had come to a complete standstill and had been in that position for about one-half minute, it was then that the defendant's truck crashed into her car from the rear. According to § 17, Title 36, Code of 1940, as it was in effect on the day of the accident which was January 1, 1948, the driver of any vehicle upon a highway before stopping shall first see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required by the statute. It is undisputed that the plaintiff did not give the signal as provided by the statute. The testimony of the defendant showed that at that time the truck was moving at a rate of about 15 miles per hour.

■ The intent of the statute is to provide that the signal must be given if it appears that the movement or operation of another's car might reasonably be affected by the stopping. Marsee v. Bates, 235 Ky. 60, 29 S.W.2d 632. In other words there is no positive rule of the statute that requires a motorist on the highway always to give the statutory signal before stopping his car but only when, in the language of the statute, the operation of "any vehicle * * * may be affected". Under the circumstances in this case we do not think that the court should charge as a matter of law that the defendant's truck would be affected by the stopping. This was a question for the jury. Hence the charge in this respect is an invasion of the province of the jury and is erroneous. Rogers v. Crow, 244 Ala. 533, 14 So.2d 157.

■ There was no exception to the oral charge but in view of the discussion in briefs with reference to the oral charge we think it would be helpful as a guide to further proceedings to comment briefly on the oral charge. It is not correct, as contended by appellant, to say that the entire question of contributory negligence should be submitted to the jury. If under the undisputed proof in the case there is a violation of § 17, Title 36, Code of 1940, then such violation constitutes negligence on the part of the plaintiff as a matter of law but it would still remain a question for the jury as to whether violation of the statute proximately contributed to her injury. Newman v. Lee, 222 Ala. 499, 133 So. 10; Newell Contracting Co. v. Berry, 223 Ala. 109, 134 So. 870.

The case of Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355, is not contrary to the principle here stated. In that case there was testimony tending to show that both the plaintiff and the defendant had violated statutory rules of the road. In that case it was a question for the jury as to whether the plaintiff's violation of the statute proximately contributed to his injuries or whether the defendant's violation of either one or both of two other statutes was the proximate cause of the accident.

Holman v. Brady, 241 Ala. 487, 3 So.2d 30, involved the same principle, it being necessary that before any rights grew out of the violation of the statute, it was necessary for the jury to find from the evidence that such violation proximately contributed to the injuries which were claimed.

Since the case must be reversed further discussion of other assignments of error appears to be unnecessary.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.