71 So.2d 37

**WINFREY v. WITHERSPOON'S, Inc.**

**8 Div. 748.**

Supreme Court of Alabama.

March 4, 1954.

H. G. Bailey, Boaz, for appellant.

Marion F. Lusk, Guntersville, for appellee.

PER CURIAM.

This is an action by appellant in one count charging negligence which caused damage to appellant's car as a result of a collision with defendant's truck.

After plaintiff had testified there was no other evidence offered by either party; and the court, at the written request of defendant, directed a verdict for defendant, with judgment for defendant.

Both plaintiff and defendant were traveling along a paved highway in the same westward direction. Defendant's truck was ahead of plaintiff driving his automobile. The highway was a state paved roadway, being No. 168.' Another road (Snellgrove) intersected this highway from their left, but did not extend across it. It intersected No. 168 at about the end of a gradual curve to the left, something like 150 to 175 feet. The collision occurred at or about the intersection as defendant's truck turned to its left in front of plaintiff's approaching car.

Plaintiff testified that no signal was given from defendant's truck of a purpose to turn, as required by Title 36, §§ 16 and 17, Code, as amended by the Act effective January 1, 1950 (General Acts 1949, pp. 754, 758–9). But that he blinked the headlights of his car by dimming them a couple of times and blew his horn about fifty to seventy-feet from the point of collision: that the rays from his headlights extended around 200 yards beyond defendant's truck. That the road straightened out at the intersection and continued straight. The collision occurred on a rainy night, but no one was approaching or following closely. Both vehicles were traveling on the right side of the white center line, and there was no yellow line. That when he (plaintiff) gave the signal there was none from the truck, but the truck first turned to the right and then made a sharp left turn in front of the car. Plaintiff speeded up to forty or forty-five miles per hour after the signal and defendant's truck had made a right turn.

Appellee claims that plaintiff made some contradictory statements as to whether the truck first turned to the right. But it was for the jury to find what he meant to say; and, in passing on the affirmative charge against plaintiff, the evidence must be taken in its most favorable light to plaintiff. Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355.

The trial court announced, in giving the affirmative charge, that he had concluded that the evidence without dispute showed that plaintiff was guilty of contributory negligence. We judge from the

argument that the conclusion of the court was based on the fact that plaintiff was attempting to pass the truck at an intersection in violation of Title 36, § 13(c). It is not urged that the question of defendant's primary negligence was not one for the jury in the light of sections 16 and 17, as amended, supra. A violation of the statute by plaintiff or defendant is negligence, but is not the basis of a cause of action or defense unless it was a proximate cause of the accident. Alabama Power Co. v. Buck, supra. The negligence of plaintiff which was a proximate contributing cause of the collision is a good defense, although defendant was also guilty of primary negligence which was a proximate contributing cause too. When both parties are guilty of simple negligence and each is a proximate contributing cause without more, neither can recover damages from the other. But if one is guilty of negligence after discovery of the danger of the other in respect to causing the accident, and when such subsequent negligence is a proximate contributing cause, he is liable for the damage. In all such cases the question of proximate cause and subsequent negligence are for the decision of the jury. Here there was evidence that plaintiff gave signals of warning that he intended to pass at this intersection. The jury could find that defendant's truck driver heard it and turned to the right apparently in effect inviting plaintiff to pass, and then negligently turned to the left in front of plaintiff's car. Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

The duty of defendant is emphasized by section 17, supra, as amended, which provides that a driver shall not turn "left (among other things) upon a roadway unless and until such movement can be made with reasonable safety." The jury could infer that the defendant's driver was negligent in this respect after discovering the approach of plaintiff. It is also a question for the jury of whether section 13, supra, prohibiting a driver from passing another at an intersection, was intended to protect one making a left turn when it was not reasonably safe to do so, inhibited by section 17, supra. Newman v. Lee, 222 Ala. 499,

133 So. 10; Triplett v. Daniel, 255 Ala. 566, 52 So.2d 184.

The Buffalo Rock Co. case, supra, referred to Government Street Lumber Co. v. Ollinger, 18 Ala.App. 518, 94 So. 177, as holding that the driver in front owes no duty to the car trailing except to use the road in the usual way, in keeping with the law of the road, until he has been made aware of the desire of the driver of the trailing car to pass, and observed that this was asserted in the Ollinger case before the enactment of what is now section 17, supra, and it is not in accord with that statute.

The judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.