88 So.2d 326

**Mildred SIMPSON**

v.

**Carey E. GLENN, Adm'r.**

**6 Div. 885.**

Supreme Court of Alabama.

Feb. 2, 1956.

Rehearing Denied June 21, 1956.

**520**

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Hare, Wynn & Newell, Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment granting plaintiff's motion for a new trial in a wrongful death action in which the jury found for the defendant (appellant). The basis of the trial judge's decision as shown by the judgment was the claimed error in giving defendant's written Charge Z, to wit:

> "The court charges the jury that if you are reasonably satisfied from the evidence that Mrs. Glenn was crossing 12th Street Southwest, at Princeton Alley, then in such event she was guilty of negligence as a matter of law."

Plaintiff's intestate was run down by the automobile of the defendant while attempting to cross 12th Street at the place stated in the charge in the city of Birmingham in the nighttime. This conduct of the plaintiff's intestate was in violation of Sec. 1292 (a) of the General City Code of Birmingham of 1944, which reads as follows:

> "It shall be unlawful for any pedestrian to cross any street at any other place than a street intersection, and in crossing any street at the intersection thereof with another street such pedestrian shall pass over that part of the street which is included within the lines of the sidewalk projected and not diagonally."

It thus appears that Charge Z which was given for the defendant was founded upon a violation by the plaintiff's intestate of the aforesaid traffic ordinance. After a careful study we have reached the conclusion that the charge stated a correct legal principle. The holding in the better reasoned Alabama cases is that the violation of a traffic ordinance or rule of the road constitutes negligence per se and a person proximately injured thereby may recover for such injuries against the violator of the law if suing and if the plaintiff is guilty of such conduct which proximately contributes to his injuries that constitutes a

defense of contributory negligence to a simple negligence charge. Winfrey v. Witherspoon's, Inc., 260 Ala. 371, 71 So.2d 37; Triplett v. Daniel, 255 Ala. 566, 52 So.2d 184; McBride v. Baggett Transportation Co., 250 Ala. 488, 35 So.2d 101; McGough Bakeries Corporation v. Reynolds, 250 Ala. 592(6), 35 So.2d 332; Cosby v. Flowers, 249 Ala. 227, 30 So.2d 694; Clift v. Donegan, 237 Ala. 304, 186 So. 476; Greer v. Marriott, 27 Ala.App. 108, 167 So. 597, certiorari denied 232 Ala. 194, 167 So. 599; Newell Contracting Co. v. Berry, 223 Ala. 111, 134 So. 868; Smith v. Baggett, 218 Ala. 227, 118 So. 283; City Ice Delivery Co. v. Lecari, 210 Ala. 629, 98 So. 901; Reynolds v. Woodward Iron Co., 199 Ala. 231, 74 So. 360; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Kansas City, M. & B. R. Co. v. Flippo, 138 Ala. 487, 35 So. 457. Many other cases of like import could be cited.

There, of course, can be no sound distinction between the rule with respect to violation of a statute and a municipal traffic ordinance. As stated in 65 C.J.S., Negligence, § 19(b), p. 420:

"In jurisdictions where violation of a statutory duty is regarded as negligence per se it is usually considered that violation of a municipal ordinance designed for the protection of the person claiming to have been injured by reason of such violation is also negligence per se, or negligence as a matter of law, on the ground that there is no good reason for having one rule with reference to statutes and a different rule with reference to ordinances which have the force of statutes within the municipality."

Our court has not attempted to rationalize any sound distinction as indicated from the above cited cases, some of which involve the violation of a statute and others the infraction of a traffic ordinance.

The trial court in granting the motion for a new trial was influenced by Alabama By-Products Corporation v. Rutherford, 239 Ala. 413, 195 So. 210, and Salter v. Carlisle, 206 Ala. 163, 90 So. 283 (both cases involving violation of traffic ordinances). The decision of the learned judge may be said to be supported by these two cases, but in our opinion they and some others of somewhat similar import are unsound in holding that a person violating such an ordinance was not guilty of negligence as a matter of law seemingly because the ordinance was "a mere traffic regulation." The two last cited cases are predicated upon the erroneous conclusion that Ivy v. Marx, 205 Ala. 60, 87 So. 813, 814, 14 A.L.R. 1173, was authority for the holding. A careful reading of the Marx case will disclose that the single question decided was that an ordinance punishing by fine or imprisonment a pedestrian who crosses a street diagonally at a street intersection does not relieve the driver of an automobile of his duty to keep a lookout for a pedestrian who so crosses, the holding being that a charge which sought to relieve the automobile driver of such a duty was erroneous. Indeed, the opinion in the Marx case took note of the fact that the trial court instructed the jury that "if the plaintiff was violating said ordinance, and such violation was the proximate cause of injury, then he would be guilty of contributory negligence, and could not recover."

In our study of the instant case we find some cases which hold to the effect that the violation of a traffic ordinance is not pleadable as negligence where the city is sued for the reason that the ordinance was not passed for the benefit of the city. See City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430. Of similar import is Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633, with reference to the driver's license law. These cases, we view as sound in so holding. But a traffic regulation, statutory or by municipal ordinance, is passed for the benefit of a particular class of people who use the public streets and highways for travel and to conserve safety in such travel and a violation of the same by a party to the cause if proximately contributing to the accident is pleadable against him as negligence.

**522**

Other cases such as Newman v. Lee, 222 Ala. 499, 133 So. 10, and Cooper v. Agee, 222 Ala. 334, 132 So. 173, hold to the effect that not only is it a question for the jury to decide whether the violation of the statute or ordinance proximately contributed to the accident or injury, but also it is a question for the jury to determine whether or not the law was passed for the benefit of the party pleading it or the class to which he belongs. It seems to us that such cases which hold the latter question to be for the jury violate the principle that a question of law is for the court and not for the jury.

We are therefore at the conclusion that the cases cited first hereinabove correctly exposit the rule of law under consideration and that other cases which run contrary to that strong current of opinion are unsound and must be overruled.

It results therefore that there was error in granting the new trial for giving Charge Z.

Though the trial court granted the motion upon the specific ground discussed hereinabove, this court nevertheless will affirm the judgment granting the new trial if the motion contains any good ground. Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So. 2d 224; Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572; First Nat. Bank of Birmingham v. Searcy, 31 Ala.App. 553, 19 So.2d 559. Consistent with this rule, we have carefully considered the other grounds in the motion for a new trial and like the trial court, have come to the conclusion that they are not well taken.

It results, therefore, that the judgment of the trial court granting the new trial is reversed, the judgment setting aside the original judgment is vacated, the original judgment is reinstated, and the cause is remanded. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473.

Reversed and remanded.

All Justices concur.