97 So.2d 892

Ethel MURPHREE

v.

William Belton CAMPBELL.

8 Div. 897.

Supreme Court of Alabama.

Oct. 31, 1957.

G. W. Nicholson, Birmingham, for appellant.

Marion F. Lusk, Guntersville, for appellee.

SIMPSON, Justice.

Plaintiff sued defendant in case for negligently running his automobile into the automobile in which plaintiff was riding as a passenger. Defendant filed pleas of recoupment, the general issue, and contributory negligence, the gravamen of the latter being that plaintiff negligently grabbed the steering wheel of the car in which she was riding, thereby proximately contributing to the accident. The case was tried before the judge without a jury. Judgment was for the defendant, and plaintiff brings this appeal.

The assignments of error challenge the ruling of the trial court in denying the plaintiff's motion for a new trial. The ground of the motion meriting treatment is that the judgment was against the great weight of the evidence. On this review we are remitted to the oft-stated principle that the findings of the trial court on conflicting evidence are given the equal presumption as a verdict of the jury, and unless those findings are shown to be palpably wrong, they will not be disturbed. 2–A Ala.Dig., Appeal & Error, ☞931(1–b), p. 244, et seq. On a studious consideration of the facts disclosed by the record, we reach the conclusion that there is no warrant for disturbing the findings below. We will make a brief reference to these facts.

The evidence for the plaintiff and that for the defendant were in direct conflict. The scene of the collision was a hill on a curving part of the road leading to Guntersville Dam. The car in which the plaintiff was riding was proceeding over this public road toward the dam. The defendant was traveling the same road in the opposite direction. There was an incline in the road at the scene, which curved to the right of the plaintiff and to the left of the defendant. The plaintiff's evidence tended to show that the automobile in which

she was riding at a reasonable rate of speed, was on the appropriate side (right hand side) of the road and upon coming around the curve and up the hill the defendant's automobile turning this curve, was on the wrong side (inside) of the curve; and as a proximate result of this violation of the rule of the road, the collision occurred, resulting in her catalogued injuries. On the other hand, the tendency of the evidence for the defendant was that he was on his right side of the road as he approached the incline when he met the automobile in which the plaintiff was riding, and that just before the accident the latter automobile was on the wrong side (his side) of the road, traveling at an excessive rate of speed, and that the proximate cause of the collision was the grabbing of the steering wheel of the other car by the plaintiff, thereby causing the two automobiles to collide. This direct conflict in the evidence made a question of fact for the court to determine whether or not the defendant's negligence was the sole proximate cause of the collision, or whether the alleged contributory negligence of the plaintiff proximately contributed to the accident.

 Appellant argues that the violation of a rule of the road by a party makes him guilty of negligence per se. This is correct. Newell Contracting Co. v. Berry, 223 Ala. 111, 134 So. 868; Claude Jones & Son v. Lair, 245 Ala. 441, 17 So.2d 577; Cosby v. Flowers, 249 Ala. 227, 30 So.2d 694.

But such negligent conduct may not be made the basis of a cause of action or defense unless it was a proximate cause of the accident. And when both parties are guilty of simple negligence, and each is a proximate contributing cause without more, neither can recover damages from the other. Winfrey v. Witherspoon's, Inc., 260 Ala. 371, 373, 71 So.2d 37; Simpson v. Glenn, 264 Ala. 519, 88 So.2d 326; Greer v. Marriott, 27 Ala.App. 108, 167 So. 597, certiorari denied 232 Ala. 194, 167 So. 599. It thus appears that the evidence presented a conflict with respect to the negligence of the defendant and the contributory negligence of the

plaintiff, justifying the trial court to conclude that neither party was entitled to a judgment.

We find no error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.