397 So.2d 86 (1981)
Fred RAINES and Lassiter Land Company, Inc.
v.
Johnny WILLIAMS.
79-224.
Supreme Court of Alabama.
February 6, 1981.
Rehearing Denied April 10, 1981.
*87 Michael Gillon and James P. Green of Brown, Hudgens, Richardson, Whitfield & Gillon, Mobile, for appellants.
William L. Utsey, Butler, for appellee.
SHORES, Justice.
This is an appeal by the defendants from a judgment following a jury verdict for plaintiff in the amount of $20,000 in a case arising from an accident between a car driven by plaintiff Williams and a Caterpillar timberjack driven by defendant Raines and owned by the Lassiter Land Company.
The accident occurred on January 11, 1978, at around 6:45 a. m. It was still dark. Williams had just crested a hill and was negotiating a curve when he collided with the 1976 Caterpillar timberjack, which is a large piece of heavy logging equipment designed for loading logs in the woods. The timberjack was not equipped with lights or reflectors and was going ten miles per hour. Williams estimated that he was going around 55 miles per hour. Advisory State Highway Department signs were posted on either side of the road, stating "Industrial Entrance45 MPH." The legal state speed limit was 55 miles per hour. Williams sustained a whiplash injury, was hospitalized and was unable to work for a period. His car was damaged.
Williams's complaint alleged that Raines, as the agent and employee of Lassiter Land Company, negligently operated the timberjack, causing the accident. The defendants asserted plaintiff's contributory negligence as an affirmative defense. At trial, the judge refused to allow any oral testimony about the posted advisory sign. He admitted defendants' exhibits three and five, which were, respectively, a photograph of the sign and a photograph of the scene with the sign shown as one of the surrounding conditions. This photograph, although showing the sign and its position relative to the scene of the accident, does not show "45 MPH." The judge refused to allow photograph six, which clearly shows "45 MPH." The judge refused to allow the district engineer of the State Highway Department to testify on the subject of the advisory sign. By way of explanation, the trial judge observed on the record prior to trial:
Let's go to trial. I'm not going to get into any conversations about that sign. If you [defendants' counsel] want to talk about it being an industrial entrance, the fact he lives in the area, he is familiar with it, has seen trucks and trailers running back and forth across the road, there is a little hill there and all that, the surrounding circumstances and conditions. I am not going to let you get into that sign. I think it puts undue weight and so forth on the sign and is not a basis of law.
The defendant made the following offer of proof after showing the witness the photographs of the signs which the court had disallowed:

*88 Q. Those two pictures show some highway signs and those signs read, Industrial Entrance Forty-five Miles Per Hour. What is the significance of, if any, of those signs?
A. Those are advisory signs, advising the motorists of some upcoming change in the characteristic of a road, or some change in the condition, such as this sign is used for cattle crossing, curves in the road, the yellow sign, intersecting roads and this type thing.
....
Q. In this particular instance, the sign puts a lower speed limit. Tell me what that means again.
A. It is a suggested speed. It is not a speed limit.
The defendants assert that the trial court committed reversible error in (1) excluding as evidence photographs of the advisory speed limit sign and testimony of the State Highway Department engineer and the investigating officer relating to the sign, and (2) excluding defendants' requested charges numbered three, four, five, six, fifteen, and sixteen. We do not agree with appellants' assertions and we affirm the trial court's judgment.
The court did not error to reversal in excluding testimony and photographs of the sign. The court stated that introduction of two photographs was sufficient to demonstrate the existence of the sign and that any other testimony put undue weight and importance on the sign as one factor or condition among other surrounding circumstances. It is permissible to introduce evidence to describe the locus in quo or scene of the accident, Smith v. Lawson, 264 Ala. 389, 394, 88 So.2d 322 (1956). Photographs and testimony are relevant and admissible to help the jury to better understand the persons, object, locale, or conditions in issue. However, relevancy and introduction of both testimony and photographs are within the sound discretion of the trial court. This discretion is not reviewable in the absence of a gross abuse of that discretion. Costarides v. Miller, 374 So.2d 1335 (Ala. 1979), Moon v. Nolan, 294 Ala. 454, 318 So.2d 690 (1975). The trial court's refusal to permit the testimony and photographs is not an abuse of discretion.
The court did not err in refusing to give defendants' requested charges. It is the province of the court to instruct the jury on the law applicable to the case, and it is the province of the jury to apply the law as it is given to them to the facts of the case. The giving of a charge which invades the province of the jury is error, Triplett v. Daniel, 255 Ala. 566, 52 So.2d 184 (1951); 88 C.J.S. Trial § 267 (1955). The court's charges properly stated the law without repetition and did not invade the jury's province.
Appellants' requested charge numbered three concerned the rules of the road on the legal speed limit and on reckless driving. The court in its charge gave the legal speed limit and rules of the road, including Ala. Code 1975, § 32-5-91, which states that:
Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person.
The court's oral charge included the following:
Whether or not he was speeding or not is for your consideration and for you to determine from the evidence. The posted speed limit in an area according to the testimony was fifty five miles per hour; however, the code says as follows: Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing. And no person shall drive any vehicle on a highway at such a speed to endanger the life or limb or property of any persons.

*89 I charge you it is in your discretion to determine whether the plaintiff was exceeding a reasonably prudent speed.
Since the trial court charged the jury on the effect of § 32-5-91, his exclusion of the reckless driving statute was not reversible error, Rule 45, ARAP.
Defendants' requested charges numbered four and five erroneously equate the legal speed limit with the posted speed limit of 45 miles per hour and state that driving in excess of the posted speed limit was negligence per se. These charges were incorrect and properly denied. Defendants' charges numbered six requested that § 32-5-91 be given to the jury. The court's charge included this. Defendants' charges numbered fifteen and sixteen requested that the court charge the jury with a driver's duty to keep a lookout and anticipate the presence of other drivers, especially while approaching another vehicle from the rear. The court included these in its oral charge.
The court's refusal to give charges which were repetitive was not reversible error. We, therefore, affirm the court's judgment.
AFFIRMED.
MADDOX, FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., and ALMON and EMBRY, JJ., dissent.
TORBERT, Chief Justice (dissenting).
A party is permitted to introduce evidence of conditions at the accident scene in order to establish the degree of care expected of the respective parties. See, Smith v. Lawson, 264 Ala. 389, 88 So.2d 322 (1956). Although the judge allowed testimony that the plaintiff was familiar with the road and the location of the plant entrance, I believe the defendant was also entitled to introduce evidence of the warning given by way of the "Industrial Entrance" and "45 M.P.H." advisory signs. A careful review of the record reveals that only one photograph picturing the signs was admitted, and in that photograph the signs were so distant that the sign lettering was not discernible. I believe evidence of the signs and the related testimony of the State Highway Department district engineer and the state trooper were admissible as relevant to the degree of care reasonably expected of plaintiff under the circumstances. It was clear error for the judge to exclude all evidence of the advisory sign and suggested speed, and I would reverse.
ALMON and EMBRY, JJ., concur.

On Application for Rehearing
SHORES, Justice.
The appellant has filed a motion to determine the amount of interest payable on the judgment in this case under Rule 37, Alabama Rules of Appellate Procedure. Rule 37 states that:
Unless otherwise provided by law, if a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is provided by law shall be payable from the date the judgment was entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the certificate of judgment shall contain instructions with respect to allowance of interest.
In this case, the jury rendered a verdict against the defendants in the amount of $20,000, on October 9, 1979. On December 6, 1979, the defendants appealed to this Court. On September 18, 1980, this Court dismissed the appeal on the grounds that no final judgment was entered on the jury verdict, and, therefore, the judgment under appeal was not final and appealable. On September 22, 1980, the Choctaw Circuit Court entered a judgment in favor of the plaintiff on the jury verdict. On October 3, 1980, the defendants' motion to reinstate their appeal was granted.
The question here is whether the plaintiff is entitled to interest from the date of the jury verdict or from the date final judgment was ultimately entered on that verdict. We hold that he is entitled to interest from the date of final judgment, as *90 the delay in entering judgment was not caused by the defendants' actions. This Court, among others, has held that "when the delay in entering judgment on the verdict was occasioned by the party against whom it was rendered, the successful party, on appeal, is entitled to interest from the date of the verdict," rather than from the later date of judgment. Berry v. Druid City Hospital Board, 333 So.2d 796, 805 (Ala. 1976); see Annot., 1 A.L.R.2d 479 (1948). However, when, as here, the delay is not caused by the party against whom the judgment is rendered but by the court responsible for rendering judgment, there is neither reason nor justice in further penalizing the party against whom the judgment was rendered. In such a situation, interest should be paid as given by the statute, "from the date the judgment was entered in the trial court," ARAP, Rule 37, until final payment. Sanders and Fenwick v. Rives, 3 Stewart 109, 116 (Ala. 1830).
The appellant's motion to allow interest from September 22, 1980, the date of the judgment, is hereby granted.
OPINION EXTENDED. MOTION TO ALLOW INTEREST GRANTED.
All the Justices concur.
APPLICATION FOR REHEARING OVERRULED.
MADDOX, FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., and ALMON and EMBRY, JJ., dissent.