GATES *v.* LANDON.

1. APPEAL AND ERROR—EVIDENCE—INFERENCES—DIRECTED VERDICT.
Upon a motion by defendant to direct a verdict in his
favor the testimony and proper inferences to be drawn
therefrom most favorable to plaintiff must be accepted.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — IMPUTABLE NEGLI-
GENCE.
In an action for personal injuries which plaintiff re-
ceived in a collision between the automobile in which
she was a passenger and defendant's automobile, the
negligence, if any, of the driver of the car in which she
was riding is imputable to her.

3. SAME—EVIDENCE—QUESTION FOR JURY.
Where there was evidence ' that for 50 feet before the
driver of plaintiff's automobile started to turn across the
street from the east side to the west he held out his
hand as a warning, that he looked back and could see
for 150 feet but no automobile was in sight, that de-
fendant's car ran into him when he was only four or
five feet from the west curb, and that the street was
42 feet wide from curb to curb, it cannot be said that
plaintiff's driver was guilty of negligence as a matter of
law.

4. SAME—VIOLATION OF CITY ORDINANCE.
The violation of a city ordinance is not contributory
negligence *per* se.

5. SAME—EVIDENCE—QUESTION FOR JURY.
Where there was testimony from which it might be in-
ferred that defendant was driving his automobile in a
residential district of the city, on the wrong side of the
street, at an excessive rate of speed (1 Comp. Laws 1915,
§ 4817) when his car collided with the one in which plain-
tiff was riding, and that he did not sound his horn, his
negligence was a question for the jury.

Error to Kent; McDonald (John S.), J.   Submitted

On imputing negligence of driver to passenger, see notes in
8 L. R. A. (N. S.) 623, and L. R. A. 1915A, 761.

216—Mich.—27.

October 21, 1921.     (Docket No. 68.)     Decided December 21, 1921.

Case by Carrie E. Gates against Richard Landon for personal injuries.     Judgment for plaintiff.     Defendant brings error.     Affirmed.

*Lillie & Lillie,* for appellant.

*J. T. & T. F. McAllister,* for appellee.

WIEST, J.     Plaintiff and her husband live on Corrinne street in Grand Rapids.     They have a married daughter living on Jefferson avenue in that city.     A neighbor, Mr. Aldrich, owns an automobile.     On Sunday, January 9, 1921, Mr. Aldrich volunteered to take them over to their daughter's, and the three started on the trip in Mr. Aldrich's car, he doing the driving. They drove north on the east (right-hand) side of Jefferson until opposite the daughter's home, which was on the west side and in the middle of the block, when Mr. Aldrich turned his car to cross the street to the daughter's home.     When near the west curb the car was struck by defendant's car driven by him; he likewise was going north.     As a result of the collision plaintiff's collar bone was broken and she suffered other injuries.     From a judgment in her favor for $600, defendant brings the case here, asking for a reversal solely on the ground that the court should have directed a verdict, it being defendant's claim that the driver, Mr. Aldrich, was guilty of contributory negligence as matter of law, and that there is no evidence of any negligence of defendant.

The rule is well recognized that upon a motion by defendant to direct a verdict, the testimony and proper inferences to be drawn therefrom most favorable to plaintiff must be accepted.     We shall, therefore, state

some of the testimony which to our minds took the case to the jury upon both questions.

1. Contributory Negligence. The driver of the car was Mr. Aldrich, and his negligence was imputable to plaintiff. If he was guilty of contributory negligence as matter of law defendant's motion should have been granted. He was called as a witness by plaintiff and testified in substance that when driving north on Jefferson avenue he was going about 8 miles an hour; that for 50 feet before he started to turn he held his hand out, indicating that he intended to turn; that before turning he looked back of him, could see 150 feet, and that there was no automobile in sight; that he slackened his speed one-half when going across the street and was not struck until he was 4 or 5 feet from the west curb, the street being 42 feet wide. This testimony was corroborated by that of plaintiff and her husband. It is difficult to perceive what further testimony was necessary to make the question of due care on the part of Mr. Aldrich at least a question for the jury. But defendant's counsel say Mr. Aldrich should have seen defendant coming up from behind if he looked back for a distance of 150 feet as he claims he did before starting to cross the street, and that if he did not see him his glance backward was an indifferent one. We do not think this necessarily follows. The distance from curb to curb was 42 feet. If Mr. Aldrich was at the curb on the east side of the street, as the testimony tends to show he was, he could not go directly across the street to get to the point of the accident. He would have to execute a segment of a circle to get there and would travel much farther than the direct distance across the street. If the automobile in which plaintiff was riding was going 4 miles per hour and defendant's machine was being driven at the rate of speed some of the testimony indicates it was, it is quite probable

that it was more than 150 feet behind Mr. Aldrich's machine when he looked behind him; at least the credibility of the testimony and the inferences to be drawn from it were for the jury.

Defendant pleaded an ordinance of the city of Grand Rapids and insists that under it Mr. Aldrich was guilty of negligence *per se.* The section of the ordinance relied upon is as follows:

"SECTION 3 (as amended May 27, 1918). Drivers or operators of vehicles, before turning, stopping, backing, or changing their course, shall make sure that such movement can be made safely, and shall give a plain signal to others on the street, by extending or elevating the hand, or by such other adequate signal as may be approved by the director of public safety."

But the violation of a city ordinance is not contributory negligence *per se. Rotter* v. *Railway,* 205 Mich. 212, and authorities cited at page 231. The ordinance must receive a reasonable construction; it required due care on the part of Mr. Aldrich, and whether he exercised due care was a question for the jury.

2. *Defendant's Negligence.* According to the testimony given in behalf of plaintiff the accident occurred within 4 or 5 feet of the west curb, on the left-hand side of the street. Defendant was called for cross-examination under the statute. Among other things he said: "I was going about 15 or 16 miles an hour." The accident occurred in a residential district of the city. If defendant was driving his automobile in this district at a greater speed than 15 miles an hour he was violating section 4817, 1 Comp. Laws 1915 (see *Levyn* v. *Koppin,* 183 Mich. 232; *Patterson* v. *Wagner,* 204 Mich. 593). There was also testimony that there were marks in the street in a straight line from where the brakes on defendant's car were set to the point of the accident, and that the distance was from 60

to 65 feet. The jury might infer, we think, from the fact that defendant's car ran 60 to 65 feet after the brakes were set and after covering that distance had sufficient momentum to crash into the car occupied by plaintiff with sufficient force to break her collar bone, that defendant was driving in excess of a reasonable speed under all the circumstances. Defendant did not sound his horn, and, if the testimony introduced by plaintiff is true, did not deviate from the direct line in which he was traveling on the wrong side of the street. Defendant's negligence was a question for the jury.

The judgment will be affirmed.

STEERE, C. J., and MOORE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred. FELLOWS, J., did not sit.