(115 So. 690)

### WALL v. COTTON et al.  (5 Div. 654.)

Court of Appeals of Alabama.  Jan. 17, 1928.

Rehearing Denied March 6, 1928.

Holley & Milner, of Wetumpka, for appellant.

Huddleston & Glover, of Wetumpka, for appellees.

SAMFORD, J.  There is much pleading and many exceptions to rulings of the court both on the pleadings and the admission of evidence.  As we view this record, all these rulings may be ignored as being immaterial.  Whatever the rulings may have been the result of the trial must have been the same.

The damages claimed were for the negligent injury to plaintiff's automobile by reason of it having been struck by defendants' truck.  The evidence discloses, without conflict, that defendants' truck was being operated upon the Wetumpka-Tallassee Highway at night, and without complying with section 6264 of the Code of 1923, which provides that "during the period from one half hour after sunset to one half hour before sunrise" a person operating an automobile on the public highways of this State shall "display at least two lighted lamps on the front and one on the rear of such vehicle."  This the defendant did not do, and the operation of the truck in open violation of a statute is per se actionable negligence and renders the defendant liable for all damages arising as a proximate result.  Watts v. Montgomery Transfer Co., 175 Ala. 103, 57 So. 471.

The question of proximate cause is usually for the jury to be determined from the facts, but where as here the fact of proximate cause is apparent, the question is for the court; and if the plaintiff had himself been free from contributing negligence the right of recovery would have been clear and the jury would only have been left the duty of assessing the proper damage.

On the other hand, it is equally clear from the evidence that the plaintiff was himself guilty of a negligence and a violation of the same statute above referred to, and that this negligence and violation proximately contributed to the injury to his property.  According to the evidence, the highway at the point of the collision did not exceed 20 feet; it was on a fill 2 feet high; the plaintiff's car was left in the highway at night without lights or other signs to give warning of its presence.  The road was a main state highway to which the general public was entitled to travel, free of obstructions, and the plaintiff had no right to leave his car there an unreasonable time without the proper signals of danger being displayed upon it.  The fact that room was left so that vehicles could pass it without striking it cannot avail the plaintiff.  The lawful traveler has a right to assume that the entire width of the roadway is free from unlawful obstruction.  So, while it is clear that defendant's truck was being operated unlawfully and struck plaintiff's car and as a proximate result injured it, it is equally clear that the injury would not have occurred if plaintiff had not been guilty of a violation of a similar statute which contributed proximately to the injury. Both parties were guilty of negligence and of a misdemeanor under the statute.  Code 1923, § 3333.  As a proximate result both parties were injured by having their cars smashed.  They stand before the court "in pari delicti."  Here the law finds them, and here the law leaves them.

A discussion of the other questions presented would be purely academic and

hence we do not consider them. Under the facts neither party is entitled to recover anything. The rulings of the court on demurrer, if error, were without injury. The judgment is affirmed. Let each party pay the costs accruing at his instance, both in the circuit court and on appeal.

Affirmed.