167 So. 597

**GREER et al. v. MARRIOTT.**

**1 Div. 224.**

Court of Appeals of Alabama.

Feb. 4, 1936.

Rehearing Denied March 3, 1936.

Pillans, Cowley & Gresham, of Mobile, for appellants.

Harry T. Smith & Caffey, of Mobile, for appellee.

SAMFORD, Judge.

After a careful reading of the evidence and the "fine spun" theories of counsel for appellants and appellee, in the two elaborate briefs filed by them, which have tended more to mystify than to clarify the mind of the court in passing on the questions involved, we reach the following conclusions:

The Old Shell road runs approximately east and west; the width of the pavement on said road at the time of the accident was 16 feet; that said road is crossed by several streets west of Mobile street and Mobile street crosses this road forming acute angles in the northwest and southeast intersections, said street being 25 feet in width, according to the map, and is much traveled. Old Shell road was a much-traveled thoroughfare by people in automobiles going to and coming from the city of Mobile. The defendants' heavy-duty Ford truck was traveling east along the Old Shell road and on the south side thereof at a rate of speed of 14 to 15 miles per hour; upon arrival at Mobile street, and without holding out his hand to indicate his intention, the driver turned sharply to the left and partially across the north side of Old Shell road and in the direction of the right or east side of Mobile street. As the driver of the truck began the turn, he saw plaintiff's car for the first time, and in an effort to avoid a collision swerved back south into Old Shell road, and stopped on said road on the east of Mobile street.

The plaintiff, driving a '29 Graham 8 sedan, was following defendants' truck at a rate of speed of 28 to 30 miles per hour; when from 50 to 75 feet west of Mobile street plaintiff sounded his horn and without any indication from the driver of the truck that the horn had been heard by him, drew to the left and undertook to pass the truck within the intersection of the two streets; when in close proximity to the truck plaintiff saw truck turn, and, being too late to stop, at the rate of speed he was going, swerved suddenly to the left off the pavement, striking a telephone pole on the side of the road, resulting in the damage to plaintiff's car complained of in this action.

■ (1) We hold on the facts that defendants' driver was guilty of simple negligence in that he failed to comply with Acts 1927, § 63, pp. 348, 372, the provisions of which section applicable to this case being as follows:

"(a) The driver of any vehicle upon a highway before starting, stopping, backing or turning from a direct line shall first see that such movement can be made in safety and if any pedestrian may be affected by such movement, shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section, plainly visible to the driver of such other vehicle of the intention to make such movement.

"(b) The signal herein required shall be given either by means of the hand and in the manner herein specified, or by an approved mechanical or electrical signal device, except that when a vehicle is so constructed or loaded as to prevent the hand and arm signal from being visible both to the front and rear the signal shall be given by a device of a type which has been approved by the Department.

"Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to stop or turn by extending the hand and arm horizontally from beyond the left side of the vehicle. Before backing, warning should be given by sounding horn or ringing bell or by other mechanical signals. Any person violating any provisions of this section shall be guilty of a misdemeanor and upon conviction shall be punished as provided in section 75 of

this article." Smith v. Woolf, 160 Ala. 644, 49 So. 395.

■ (2) We hold on the facts that plaintiff was himself guilty of negligence in that he violated section 56 of the Highway Code, which provides: "In crossing an intersection of highways or in the intersection of a highway by a railroad right of way, the driver of a vehicle shall at all times cause such vehicle to travel on the right half of the highway unless such right half is obstructed or impassable. Any person violating this section shall be guilty of a misdemeanor and upon conviction shall be punished as provided in section 75 of this article;" in that, in crossing the intersection of Old Shell road and Mobile Street, plaintiff failed at all times to cause his automobile to travel on the right half of the highway, and that such right half was not at the time obstructed or impassable, within the meaning of the statute. Acts 1927, p. 370, § 56.

■ (3) We hold that the passing of one car by another going in the same direction is one continuing act, from the time the rear car pulls out of the direct lane of travel in the rear of the car to be passed, up to and including the completion of the passing and the passing car is again in its proper lane.

■ (4) We are clear to the conclusion that plaintiff, at the time of the accident, was in violation of section 59 (c) of the Highway Code, Acts 1927, pp. 348, 371, which provides: "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of highways unless permitted so to do by a traffic or police officer. Any person violating any of the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be punished as provided in section 75 of this article."

■ The facts leave no room for doubt that, in spite of the negligence of defendants' driver, if plaintiff had observed either of the rules of the road above set out there would have been no injury by reason of defendants' negligence.

■ (6) We cannot agree with the appellants' contention as to the law of this case. The evidence discloses without conflict both drivers were in violation of penal statute, and that these acts contributed proximately to the accident complained of. The parties therefore stood in pari delicto, and under that maxim, recognized both in law and equity, neither party can recover. Bank of Michigan v. Niles, 1 Doug.(Mich.) 401–411, 41 Am.Dec. 575; 4 Bouvier Inst. Par. 3724; Wall v. Cotton, 22 Ala.App. 343, 115 So. 690; Gates v. Landon, 216 Mich. 417, 185 N.W. 723.

■ The Legislature of this state, in an attempt to reduce the alarming frequency of accidents resulting in death, injury, and destruction of property growing out of the use of high-powered and high-speed automotive vehicles, has, with painstaking care adopted a Code of Rules of the Road and prescribing penalties for their violation. Acts 1927, § 47 et seq., p. 363 et seq. Every person is conclusively presumed to know these rules as they are written, subjecting any person violating them to criminal prosecution, and on conviction, to the penalties therein prescribed. In civil actions for damages, where injury occurs as a proximate result of a violation of these rules, the violation constitutes negligence per se. Where both parties to an accident are guilty of violations of these rules, and both violations proximately contributed to the injury, neither can recover.

The court erred in its judgment awarding damages to the defendants. The judgment should have been for the defendants, and as the facts on another trial would be the same as on this appeal, a judgment will here be entered reversing the judgment of the circuit court, and one will here be entered in favor of the defendants.

Reversed and rendered.