**HARBERT v. MATHIS.**

No. 7484.

Court of Civil Appeals of Texas.
Eastland.

May 12, 1950.

Watson & Willoughby, Stamford, Tom Davis, Haskell, for appellant.

McMahon, Springer & Smart, Abilene, for appellee.

COLLINGS, Justice.

This suit was brought by Otis Harbert, appellant, against L. H. Mathis, appellee, for damages sustained to Harbert's automobile when it was overturned on State Highway No. 283 about three and one-half miles north of Rule, Texas. Appellant, as plaintiff, alleged that appellee was driving his automobile with a two-wheel trailer attached in a northerly direction on such highway at night and that the trailer had no light or lights as required by law; that appellant who was driving his automobile along the highway in the same direction as appellee, attempted to pass him and that appellee thereupon turned his automobile sharply to the left into a road crossing said highway, thereby causing appellant, in an attempt to avoid a collision, to turn his automobile to the left into the borrow ditch where it was overturned and damaged. Appellee's answer pleaded, among other defenses, that appellant was guilty of contributory negligence in attempting to pass appellee's automobile when within 100 feet of a road intersection. The trial was before the court without a jury and judgment rendered in favor of appellee, L. H. Mathis. Harbert brings this appeal.

The court filed findings of fact and conclusions of law in which it was found that appellee was guilty of various acts of negligence as alleged and that such acts were contributing causes of the injury and damages sustained by appellant. The court made other findings and conclusions to the effect that at the time of the accident, appellant was attempting to pass appellee's

car within 100 feet of a road intersection; that appellant was guilty of negligence per se in undertaking to so pass appellee's car within such distance of a road intersection in violation of the laws of this State and that such negligence was a proximate cause of the injuries and damages sustained by appellant.

In appellant's first point, it is contended that there was no evidence to support the finding of the court that appellant was guilty of negligence per se in undertaking to pass appellee within 100 feet of a road intersection. Sections 56 and 57 of Article 6701d of Vernon's Revised Civil Statutes of Texas are as follows:

"Sec. 56. No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible, and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred (100) feet of any vehicle approaching from the opposite direction.

"Sec. 57. (a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"1. Where sight restriction is such that the section of highway being traversed lies within a no passing zone as determined and marked in accordance with Section 58.

"2. When approaching within one hundred (100) feet of or traversing any intersection or railroad grade crossing;

"3. When approaching within one hundred (100) feet of any bridge, viaduct, or tunnel.

"(b) The foregoing limitations shall not apply upon a one-way roadway."

Section 57(a) 2 makes it unlawful to drive an automobile on the left side of the road when approaching within 100 feet of or traversing an intersection. It is to be noted that this provision of the statute does not specifically prohibit passing another car going in the same direction within 100 feet of an intersection. What is prohibited is driving on the left side of the road in such proximity to an intersection. The passing of another car in the process is immaterial so far as the existence of negligence per se is concerned. An examination of the evidence shows that it is uncontradicted and conclusive appellant did, while attempting to pass appellee, drive his automobile on the left side of the highway within 100 feet of the road intersection. According to appellant's own testimony, he was voluntarily driving on the left side of the road. The following is an example of appellant's testimony on this point: "A. Well, Mr. Mathis and I were going down the highway, north, and we—of course, naturally, I was behind him and I saw the lights of the car, and he made a motion like he was going to turn off to the right—there is a road that goes across the highway—and I began to pull over to the left to go around him and go on up the highway. Then the next thing that happened, he just pulled right up across in front of me. The first thing I thought of was to pull to the right to miss him. That's when I saw the trailer. I turned with him and I hit the bank and turned over."

Appellant further testified that he measured the distance south of the road intersection to the point where his wheels left the paved portion of the highway and that the distance was 90 feet. The fact that appellant, in attempting to pass appellee, drove his car on the left side of the highway within 100 feet of the road intersection was a violation of Section 57(a) 2, supra, and was negligence per se and the trial court did not err in so holding. 30 Tex.Jur., page 729; Davis v. Estes, Tex. Com.App., 44 S.W.2d 952; Headstream v. Mangum, Tex.Civ.App., 174 S.W.2d 496. The fact that appellant began his attempt to pass appellee as far as 115 feet from the intersection did not relieve him of the duty to observe the provisions of the statute and refrain from driving on the left-hand side of the road within 100 feet of the intersection. We likewise overrule appellant's contention that no violation of Section 57,

supra, would result until the State Highway Department established a "no passing zone" as it is provided the Department may do in Section 58 of the same Article. It is true that a portion of Section 57, that is, Subdivision (a) 1, was by its own terms dependent upon such action by the State Highway Department but such limitation did not extend to subdivision (a) 2 in any way. The subdivisions are separate and distinct, each covering a different fact situation in which driving on the left side of the road is prohibited.

In point No. 2 appellant contends that Section 57 of Article 6701d, supra, was not enacted for the protection of persons operating motor vehicles in the same direction and its violation could not be the basis of charging him with negligence per se. We cannot agree with appellant's contention as to the limited purposes of the statute in question. The object of Section 57 was to eliminate the hazard of cars being operated on the left side of the roadways under certain conditions and the object of Section 57(a) 2 was to eliminate such hazard within 100 feet of intersections, and was for the benefit and protection of all persons and vehicles using the roadway at or near the intersection regardless of the direction they were traveling.

In appellant's third point, it is urged that the court erred in finding that the act of appellant in undertaking to pass appellee's automobile within 100 feet of a road intersection was a proximate cause of the overturning of appellant's car. The case was tried before the court without a jury and to sustain appellant's position would require a holding that the evidence would not support the court's finding that such negligence by appellant was a proximate cause of the overturning of his car. The testimony of appellant and other evidence indicates that he was attempting to pass appellee on the left side of the road. It is certainly not an unreasonable conclusion that such attempt to pass on the left side of the road, within the prohibited distance from the intersection, was a producing cause of the accident, without which it would not have occurred. No contention is made that the accident would or could have occurred if appellant had stayed on his right side of the road. Nor it is unreasonable to assume that appellant should have foreseen that appellee might turn to the left at the intersection. Appellant admitted that he saw appellee's automobile some distance back of the point where he attempted to pass him and it is further in evidence that appellant also was aware of the fact that he was approaching a road intersection. In our opinion, the finding by the court that appellant's action in undertaking to pass appellee's automobile on the left side of the road within 100 feet of a road intersection was a proximate cause of the overturning of appellant's car was supported by the evidence. 30 Tex.Jur., pages 692, 693, 694. It is not material that appellee also was guilty of negligence which was a proximate cause of appellant's accident. There may be more than one proximate cause of an accident and the existence of one does not excuse another.

The judgment of the trial court is affirmed.