Joe MARTINEZ, d/b/a Veteran's Taxi, and
Amado Jaime Lopez, Appellants,

v.

Antonio HERNANDEZ, Appellee.

No. 14395.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 15, 1965.

Rehearing Denied Oct. 13, 1965.

Beckmann, Stanard, Wood & Vance, Richard C. Keene, San Antonio, Jacob G. Hornberger, Laredo, for appellants.

Philip A. Kazen, Robert O'Conor, Jr., Nat B. King, Laredo, for appellee.

CADENA, Justice.

Appellants, Joe Martinez and Amado Jaime Lopez, defendants below, complain of the action of the trial court in disregarding jury findings that plaintiff, Antonio Hernandez, appellee here, was contributorily negligent and entering judgment that plaintiff recover from defendants the sum of $1,347.50 as damages for personal injuries suffered by plaintiff as the result of an automobile collision.

The collision in question occurred in the City of Laredo, at the intersection of Sanchez Street and San Bernardo Avenue, about 7:40 A.M. on May 3, 1963. At that time, plaintiff was proceeding west on Sanchez Street, a two-way street, 28 feet wide, with the eastbound and westbound traffic lanes each being fourteen feet wide. After plaintiff had entered the intersection his car was struck by a taxicab which was proceeding north on San Bernardo Avenue. The taxi was owned by defendant Joe Martinez and was being operated by his employee, Amado Jaime Lopez.

The jury found that the driver of the taxi was guilty of several acts of negligence, each of which was found to be a proximate cause of the collision. After answering several issues relating to contributory negligence, including proper lookout, excessive speed and proper control in favor of plaintiff, the jury found that at the time of the collision plaintiff was negligently operating his automobile to the left of the center line of Sanchez Street, and that such negligence was a proximate cause of the collision.

In response to a motion filed by plaintiff, the trial court disregarded the jury's findings that plaintiff was contributorily negligent, on the ground that there was no evi-

dence to support them, and entered judgment for plaintiff.

The police officer who investigated the accident testified that the point of impact was "eight feet inside the intersection of Sanchez." He determined the point of impact from the presence of debris in the intersection. A sketch drawn by this witness shows the point of impact as being eight feet north of the south curb line of Sanchez Street. Since each of the two lanes on Sanchez Street is fourteen feet wide, this testimony places plaintiff's automobile, which was traveling west, six feet into the eastbound traffic lane, or six feet to the left of the center line of Sanchez Street at the time of the collision.

Plaintiff contends that the testimony of the police officer is so conjectural that it must be regarded as no evidence, since the force of the collision might have scattered debris over a wide area. But our Supreme Court has held that evidence concerning the location of debris at the scene of an accident is "clearly evidence of probative force from which the jury could conclude that the collision occurred at or near the point indicated," notwithstanding the witness testified that the "force of the collision could have thrown the debris south and west of the point of impact." De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 99 (1955).

■ It is true that the sketch drawn by the officer, standing alone, is somewhat inconclusive, since it shows the figure "8" between two segments of a broken line seemingly extending from the south line of Sanchez Street to the center line of that street, a distance which the evidence establishes as being fourteen feet. The sketch also shows plaintiff's automobile as being on the right side of the center line. However, we believe that the sketch, together with the testimony concerning the width of Sanchez Street, and the oral testimony of the officer as to the point of impact, permit the inference that at the time of the collision plaintiff was driving on the wrong side of Sanchez Street. Whatever apparent inconsistencies may result from the crude character of the sketch would go to the weight of the officer's testimony but would not destroy its probative force as to the location of the point of impact.

■ Sec. 52 of Art. 6701d, Vernon's Ann. Civ.Stats., makes it a crime to drive on the left side of the roadway except in certain situations which are not relevant here, since plaintiff introduced no evidence which would justify his presence on the wrong side of the street. Further, Sec. 57(a) of Art. 6701d makes it a crime to drive on the left side of the roadway of a two-way street "at any time" when approaching within one hundred feet of or traversing any intersection. The action of plaintiff in driving on the left side of the roadway was a violation of the statute and was negligence per se. Brown v. Nelms, Tex.Civ.App., 374 S.W.2d 917, no writ; Harbert v. Mathis, Tex.Civ.App., 230 S.W.2d 380, no writ; 7 Tex.Jur.2d, Automobiles, § 190, p. 543.

Plaintiff next argues that, even if it be assumed that he was negligent in operating his vehicle on the wrong side of the street, there is no evidence to support the finding that such negligence was the proximate cause of the accident, because (1) the accident could not have been avoided even if plaintiff had been on the right side of the roadway, and (2) plaintiff could not reasonably be expected to foresee or anticipate that the driver of the taxi was going to disregard the law or act in a negligent manner.

■ It is impossible to conclude from the record in this case that, as a matter of law, plaintiff's presence on the wrong side of the street was not in fact a cause of the collision. While plaintiff testified that the taxi was being driven "very fast," the record is silent as to the exact, or even approximate, speed of the cab. The only information we have concerning plaintiff's speed is his testimony that he was driving at a speed of 20 or 25 miles per hour. Plaintiff's car was damaged on the rear left door

and fender, but the record does not disclose the exact point of damage, nor the distance from the point of damage to the rear end of plaintiff's vehicle. The record does not compel the conclusion that the collision would have occurred even if plaintiff had been on the right side of the street, six feet north of the point of collision.

Our courts have held that a person is not bound to anticipate negligent or unlawful conduct on the part of another. Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063 (1939); Minugh v. Royal Crown Bottling Co., 267 S.W.2d 861, wr. ref. However, it appears that the abstract statement that one may assume that others will act in a lawful and non-negligent manner is, because of its generality, misleading. Even if a person is not bound to anticipate unlawful or negligent conduct by others, he is nevertheless under a duty to use ordinary care to prevent injury to himself or to others. Tarry Warehouse & Storage Co. v. Price, Tex.Civ.App., 76 S.W.2d 162, wr. dism. The purpose of the prohibitions, contained in Secs. 52 and 57(a) of Art. 6701d, against driving on the left side of the road is to protect all persons using the roadway at or near the intersection, regardless of the direction in which they are traveling. Harbert v. Mathis, supra. By operating his automobile on the wrong side of the road, plaintiff created a hazard to others using the roadway, and it cannot be said as a matter of law that he could not be expected to foresee the danger of a collision growing out of his negligent conduct.

Plaintiff relies strongly on the decision in Lewis v. Reichel, Tex.Civ.App., 256 S.W.2d 216, no writ. There the plaintiff drove his car into the rear of a truck which was being operated partly on the wrong side of the highway. The Beaumont Court of Civil Appeals held that the negligence of the truck driver in operating his vehicle on the left side of the road was not a proximate cause of the collision because a person of ordinary prudence could not have reasonably anticipated that the driver of another vehicle approaching from the rear would drive up behind the truck so quickly that he would be unable to stop his car before he crashed into the rear of the truck. If the holding in the Lewis case rests on the proposition that a negligent actor will not be held accountable unless he could reasonably be expected to foresee the exact details of another's conduct, or the exact way in which an accident might happen, then, it seems to us, that decision requires too much "foreseeability." If it were the law that the exact details of another's conduct must be foreseeable, then very few negligent acts could be held to be the proximate cause of injury. All that our law requires is that the negligent actor, as a reasonably prudent man, should have foreseen the possibility of harm to others as a result of his negligent conduct. As Judge Hickman said in Sullivan v. Flores, 134 Tex. 55, 132 S.W.2d 110, 111 (1939): "As a person of ordinary intelligence and prudence, he should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation." This statement has been subsequently approved as the "true rule" by our Supreme Court in Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359, 365 (1957).

In any event, in view of plaintiff's negligent and unlawful conduct, we do not think he can claim refuge in the rule which permits one to assume that others will be diligent. The rule which permits a driver to assume that others will observe the rules of the road is subject to limitations. It affords no escape hatch for one who himself violates the law, and it may not be invoked to excuse a negligent driver from the consequences of his own negligence. Nesbit v. Everette, 5th Cir., 245 F.2d 59; State v. Arena, 46 Haw. 315, 379 P.2d 594; Skaggs v. Gypsy Oil Co., 169 Okl. 269, 36 P.2d 865; Mooney v. McCarthy, 107 Vt. 425, 181 A. 117; Pfeiffer v. Yellow Cab Co. of Atlanta, 88 Ga.App. 221, 76 S.E.2d 225.

Since the trial court erred in entering judgment non obstante veredicto against defendants, and since plaintiff has presented no cross-assignments requiring that the cause be remanded so that he might file a motion for new trial, it becomes our duty, under Rule 324, Texas Rules of Civil Procedure, to enter the judgment which should have been entered by the trial court.

The judgment of the trial court is reversed and judgment is here rendered that plaintiff take nothing.