Morris M. DAVIS et ux., Appellants,

v.

M. C. WINTERS, INC., Appellee.

No. 4791.

Court of Civil Appeals of Texas.

Waco.

April 24, 1969.

Rehearing Denied May 15, 1969.

John J. Watts, Ralph E. Harris, Odessa, for appellants.

Rufus S. Garrett, Jr., Garrett, Garrett & Callaway, Ft. Worth, for appellee.

## OPINION

WILSON, Justice.

Summary judgment was rendered that plaintiffs take nothing in their suit against a highway contractor for damages resulting from death of their son in an automobile collision.

Defendant was the general contractor under a state highway construction contract. Deceased was driving on a two-lane roadway at night. He attempted to pass a vehicle traveling in the same direction and collided head-on with another automobile from the opposite direction.

Negligence specified was failure to "construct adequate warning signs at sufficient intervals to warn" of the hazardous condition of the road, including signs that it was unsafe to pass; and in "failing to inform the Texas Highway Department of" the passing conditions, or to request erection of signs by the Department.

The record on defendant's motion for summary judgment showed barricades had been erected at each end of the construction area; that the Texas Highway Department erected "No Passing" signs and the contractor erected signs at various points reading, "observe warning", "highway construction", "drive slow—construction" and "drive slow", with battery-operated blinker lights. "No passing" signs are not placed on such projects, the evidence shows, except as authorized by the Department, and the contractor "can contact and tell" the state highway inspector if he feels there is a necessity for additional signs.

As deceased approached the scene of the collision, it was admitted, there were facing him two signs erected by the State Highway Department reading, "DO NOT PASS". The signs were 1300 feet apart, the second being erected 800 feet from the point of impact. It was the responsibility of the State to paint yellow no-passing stripes on the highway. There was none along this strip, and the contractor testified he would have brought this to the attention of the State if he had noticed it, "just to be double cautious. You can't put up too many signs out there"; but "we are not in the habit of telling the State how to put up a highway". A double stripe in the opposite (deceased's left) lane, for meeting traffic ended about 700 feet before the first "DO NOT PASS" sign which faced deceased. The contract required the contractor, in appellant's words, "to consult with resident engineer concerning the placing of additional warning devices", if in his opinion they were necessary to provide for the safety of traffic; and "to provide for the passage of traffic in comfort and safety".

The widow and children of the driver of the adverse vehicle, who was killed in the collision, filed another suit against appellant individually and as administrator of his son's estate. This action was for damages for the death of the other driver. There is in the record the agreed judgment settling that suit. The judgment recited the automobile driven by appellant's son "swerved over the center stripe of the highway", and recites payment by appellant here, as administrator, to plaintiffs in that action of $10,-000. Appellant had applied for administration on his son's estate by reason of claims arising from the accident, and filed an application as administrator to close the administration, reciting administration was granted to settle such claims, and that to his knowledge all such claims had been settled. It is not necessary to rest our decision on these proceedings, by which appellants say they are not bound.

■ Appellant argues that the summary judgment is erroneous because "genuine issues of material facts are raised by the pleadings" filed by him, and asserts the rule that "a general denial on the part of defendants puts in issue all the material facts alleged by the plaintiff". The quoted rule is not applicable here. It is settled that under Rule 166–A, Texas Rules of Civil Procedure, where there are affidavits, depositions, admissions or other extrinsic evidence supporting the motion for summary judgment, the opponent's pleading alone will not create an issue of fact. Kuper v. Schmidt, 161 Tex. 189, 338 S.W. 2d 948, 951.

The record, in our opinion, does not raise a genuine issue of fact as to defendant's negligence, but the judgment is proper on yet another ground.

■ The record on the motion establishes appellants' son was traveling in his left lane of the road in an attempt to pass another vehicle when the collision occurred. It is undisputed that the State Highway Department had erected, two "DO NOT PASS" signs at reasonable intervals and proximity to the place of the accident as authorized by Art. 6701d, Sec. 58, V.A.C.S., and that deceased was in that lane attempting to pass in contravention of that Section and Secs. 56 and 57, prohibiting an attempt to pass or driving to the left side of the center of the highway under these conditions. The Legislature plainly prohibited that conduct to provide protection against the hazard involved in this case. See Parrott v. Garcia (Tex.Sup.1969), 436 S.W. 2d 897, 899, 900. No excuse is suggested except those which are proposed in plaintiff's pleading summarized above. These, if proved, do not justify violation of the statute. See Hammer v. Dallas Transit Company (Tex.Sup.1966), 400 S.W.2d 885. Although the burden is on the movant here to establish there was no genuine issue of fact, and appellants were not under the burden of proof announced in the Hammer case as against the motion, the record effectively negatives any excuse except those alleged. The unexcused act of traveling to the left of the cen-

ter was negligence per se. See Martinez v. Hernandez, Tex.Civ.App., 394 S.W.2d 667, 669 and authorities cited.

As a matter of law, also, under the record, this negligence was a proximate cause of the collision, precluding judgment for plaintiff.

In our opinion summary judgment was proper.

Affirmed.

### OPINION ON MOTION FOR RE-HEARING

In view of the opinion in Snow v. Bond (Tex.Sup.1969), 438 S.W.2d 549, 550, the statement in our opinion to the effect that appellants were not under the burden of proof announced in the Hammer case as against the motion for summary judgment, is withdrawn. The Supreme Court reserved decision on this question. Appellants' motion for rehearing is overruled.