**STATE of Iowa, Appellant,**

**v.**

**Wayne Larae ROQUET, Appellee.**

**No. 53760.**

Supreme Court of Iowa.

Oct. 14, 1969.

———◆———

Richard C. Turner, Atty. Gen., and David A. Elderkin, Asst. Atty. Gen., for appellant.

Joseph B. Joyce, Des Moines, for appellee.

GARFIELD, Chief Justice.

A justice of the peace found defendant guilty as charged of prohibited passing with his motor vehicle in violation of section 321.304, subsection 3, Code 1966. From a fine of $10 and costs defendant appealed to the district court where his motion to dismiss at the close of the State's evidence was sustained and judgment entered against it for costs. The State has appealed to us. We reverse the judgment of the district court.

I. There is no dispute in the testimony. All of it came from a state highway patrolman. Defendant was driving his Jaguar car south on U. S. highway 69 in a hilly area near Osceola just before five p. m., November 9, 1968. The patrolman, driving north, came over a hill toward which defendant was approaching and observed the Jaguar on its left side of the broken white center line. There was a yellow no-passing line in the southbound lane from about the

bottom of the hill for a distance of 800 to 900 feet uphill to the south. At a point about 280 feet south of the north end (beginning) of the yellow line defendant crossed over to the southbound lane from the northbound lane on which he had been driving after passing a semitrailer also proceeding south. As soon as traffic permitted, the officer reversed his direction, overtook defendant and arrested him several miles south of where defendant's cross-over occurred.

II. Although defendant was charged with violation of subsection 3 of section 321.304, it is well to quote the entire section, including subsections 1 and 2.

"*321.304. Prohibited passing.* No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions:

"1. When approaching the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed for a distance of approximately seven hundred feet.

"2. When approaching within one hundred feet of any narrow bridge, viaduct, or tunnel, when so signposted, or when approaching within one hundred feet of or traversing any intersection or railroad grade crossing.

"3. Where official signs are in place directing that traffic keep to the right or a distinctive center line or off-center line is marked, which distinctive line also so directs traffic as declared in the sign manual adopted by the state highway commission."

Defendant's motion to dismiss the information was based on the ground that statute prohibits only driving to the left side of the road from the right side at a point where a yellow line is placed in the right lane and that if the vehicle is driven to the left side before the no-passing line is reached there is no violation in continuing on the left side opposite the line. The district court accepted this view.

III. The State assigns as error the sustaining of defendant's motion to dismiss. Its brief point is that the case is governed by the so-called "continuing act" doctrine under which the word "to" as used in section 321.304 is synonymous with "on". The State's argument is that 321.304 clearly forbids the entire continuing act of overtaking and passing another vehicle under the hazardous conditions enumerated in the three subsections and subsection 3 not only prohibits crossing a yellow line to pass but driving on the left of the center of the roadway during the entire act of passing. We are told any other interpretation of the statute would largely nullify its safety purposes. We agree with the State's argument.

Young v. Blue Line Storage Co., 242 Iowa 125, 133–134, 44 N.W.2d 391, 396–397, carefully considers the meaning of section 321.304, particularly subsection 2, where a contention similar to that made by this defendant was rejected. Defendant-appellant in Young argued the applicable part of the statute prohibits only starting to pass another vehicle proceeding in the same direction within 100 feet of an intersection. Our holding was: "We disagree with the defendant in this respect. The statute itself indicates the contrary. It says, 'when approaching within 100 feet' of an intersection. Therefore, no matter when defendant's truck was started to be driven, if, when within 100 feet of the intersection it remained on the left side of the highway it was traversing, it violated this statute. The driver of a following car could very well pass to the left side of the road, but if he continued in that position until within 100 feet of that intersection he would violate the rule. The court in the instruction upon this phase of the evidence so instructed and was correct. Such has been the holding in other jurisdictions and in certain cases cited by the plaintiff."

Our Young opinion proceeds to quote with approval from Greer v. Marriott, 27

Ala.App. 108, 110, 167 So. 597, 598, and American Products Co. v. Villwock, 7 Wash.2d 246, 271, 109 P.2d 570, 581, 132 A.L.R. 1010, 1027, both of which refuse to interpret similar statutes to mean what this defendant contends our 321.304 means.

The quotation from Greer v. Marriott, supra, is: "We hold that the passing of one car by another going in the same direction is one continuing act, from the time the rear car pulls out of the direct lane of travel in the rear of the car to be passed, up to and including the completion of the passing and the passing car is again in its proper lane."

The quotation from the American Products Co. case, supra, in discussing a statute similar to ours but applied to curves in the roadway, states the construction there contended for—similar to that urged by this defendant—would bring "impracticable, and almost absurd, results that * * * indicate clearly that the statute was intended, and should be interpreted, to prohibit the overtaking and passing of other vehicles proceeding in the same direction, not only while actually upon a curve, but also while approaching any curve, when the view of the operator of the overtaking vehicle is obstructed within a distance of 800 feet."

Other well considered precedents which reach a result similar to that in Young v. Blue Line Storage Co., supra, upon much the same reasoning include Rayborn v. Freeman, (1968), Miss., 209 So.2d 193; Roach v. Lacho, (1966), Mo., 402 S.W.2d 344, 347–349; Harbert v. Mathis, Tex.Civ. App., 230 S.W.2d 380, 382.

Rayborn v. Freeman is the most recent decision on the point called to our attention. It involves a statute very similar to our section 321.304, subsection 2, it prohibits driving *to* the left side of the roadway in overtaking and passing another vehicle when approaching within 100 feet of an intersection. The court rejected the contention the statute does not apply to a motorist who drove to the left side of the road

more than 100 feet from the intersection. The opinion quotes extensively from Young v. Blue Line Storage Co., supra, 242 Iowa 125, 133–134, 44 N.W.2d 391, 396–397, and approves the continuing act doctrine stated in Greer v. Marriott, supra, 27 Ala.App. 108, 110, 167 So. 597, 598.

The Mississippi court also pointed out the distinction between statutes in Florida and Michigan, on the one hand, and those in Mississippi and Iowa. Unlike the latter statutes, those in Florida and Michigan make no mention of overtaking and passing other vehicles, a matter that is emphasized in such statutes as ours.

Harbert v. Mathis, supra, Tex.Civ.App., 230 S.W.2d 380, 382, reaches the same result we do here under a statute much like those in Florida and Michigan. The Texas statute prohibited driving to the left side of the roadway when approaching within 100 feet of, or traversing, an intersection. The court held the fact the motorist's attempt to pass was begun 115 feet from the intersection did not relieve him of his duty not to drive on the left side of the road within 100 feet of an intersection.

Roach v. Lacho, supra, Mo., 402 S.W.2d 344, 347–349, thoroughly considers the question presented here, approves Young v. Blue Line Storage Co., supra, 242 Iowa 125, 133–134, 44 N.W.2d 391, 396–397, and Harbert v. Mathis, supra, as properly interpreting the applicable statutes and rejects Lemkie v. Boice, 329 Mich. 278, 45 N.W.2d 288, and Clark v. Sumner, Fla., 72 So.2d 375.

In rejecting such a contention as the trial court accepted here, the Missouri Supreme Court in Roach states: "(The statute) spell(s) out several specific situations in which no vehicle is to be driven 'to the left side of the roadway'. The first such situation specified in the statute is as follows: 'No vehicle shall at any time be driven to the left side of the roadway * * when approaching the crest of a grade.' Is this language intended to prohibit all vehicles from driving in the left-hand lane

when approaching the crest of a grade, or does it mean, as plaintiff contends, that the prohibition applies *only* if the vehicle crosses over from right to left as it approaches the crest of the grade? We think it means the former not the latter. A car which has been on the left side of the road for some time and remains there as it approaches the crest of the hill is just as much a hazard to traffic approaching from the opposite direction as a vehicle which crosses over into the left-hand lane when approaching the crest of the hill. We find nothing in the language of the statute, or in the evident purpose of the statute, which would cause us to construe it to be applicable only to those vehicles crossing over from right to left as they approach the crest of the grade. The intention of the legislature, we think, was to prevent *all* cars from being in the left lane when approaching the crest of a grade, not just those which cross over when approaching the crest. Consequently, we are of the opinion that the preposition 'to' as used in paragraph 4 is synonymous with 'on' or 'upon'. Obviously, if the preposition 'to' is synonymous with 'on' or 'upon' with respect to this situation (approaching the crest of a grade), it has the same meaning when applied to the other specific situations set out in paragraph 4, including travel in the left lane within one hundred feet of an intersection." (Emphasis not supplied)

We are not persuaded we should repudiate our decision in Young v. Blue Line Storage Co., supra, nor the reasoning upon which it is based.

We may point out that an opinion of the Iowa Attorney General on April 29, 1958 (1958 Opinions of the Attorney General, pages 182–184) at the request of the County Attorney of Webster County answers virtually the same question presented by this appeal in the way we do here. Although the opinion is, of course, not binding upon us it is entitled to our respectful consideration. State v. Garland, 250

Iowa 428, 434–435, 94 N.W.2d 122, 126, and citations.

We do not remand the case but reverse the district court's dismissal of the information on defendant's motion.

Reversed.

All Justices concur.