JOHNSTONE, Justice.
On May 28, 1997, W.D.J. pleaded guilty to being a youthful offender on the underlying charge of assault in the first degree for causing serious bodily injury to William McKinley with a motor vehicle while W.D.J. was driving under the influence of alcohol, a violation of § 18A-6-20(a)(5), Ala.Code 1975. That same day, the trial court sentenced W.D.J. to three years’-imprisonment, but suspended the sentence and placed him on supervised probation for three years. As conditions of his probation, W.D.J. was ordered to complete 50 hours of community service, to pay $50 to the Crime Victims Compensation Fund, to pay court costs, and to pay an undetermined amount of restitution to McKinley.
On November 20, 1997, the trial court conducted a restitution hearing. Dorothy Hubbard, McKinley’s aunt, was the State’s only witness. She verified medical bills for McKinley’s treatment and testified that McKinley owed a total of $100,308.67 for medical expenses not paid by Medicaid. On cross-examination, Hubbard testified that McKinley sustained his injuries in an automobile accident when he was a 21-year-old passenger in the vehicle driven by W.D.J. W.D.J. testified that, at the time of the accident, he was only 16 years old. He stated that he was driving McKinley and that they were “drinking beer out of the same bag.” W.D.J. testified that the accident occurred when his wheels locked after he braked to avoid hitting a deer and his car ran off the road. While W.D.J. admitted that he had drunk two beers, there was no evidence that he was speeding or otherwise improperly operating the vehicle.
On December 2, 1997, the trial court ordered W.D.J. to pay restitution in the amount of $100,308.67, and on December 15, 1997, W.DJ.’s counsel filed a “Motion to Alter, Amend or Vacate” the restitution order. Counsel argued, as he had at the restitution hearing, that McKinley was not due any restitution because he was a participant in the criminal activity which resulted in his injuries and was therefore not a “victim” for the purpose of receiving restitution under § 15-18-65 et seq. Counsel contended that McKinley could have been charged for providing alcohol to a minor under the age of 21 years in violation of § 28-3A-25(a)(3), Ala.Code 1975, or for contributing to the delinquency of a minor in violation of § 12-15-13, Ala.Code 1975.
Defense counsel argued further that § 15-18-67, Ala.Code 1975, requires a defendant to pay restitution only for a victim’s “pecuniary damages,” which are defined as damages a victim could recover in a civil action against the defendant. § 15-18-66(2), Ala.Code 1975. Counsel argued that McKinley would not be able to recover civil damages because he was eontribu-torily negligent in causing his own injuries and that, therefore, McKinley was not due restitution.
In the State’s response to W.D.J.’s “Motion to Alter, Amend, or Vacate,” the State argued that it was factually and legally impossible for McKinley to be a participant in the assault.' Rather than rule on the motion, however, the trial court *392 deemed it moot because W.D.J. filed a notice of appeal on January 9,1998.
The Court of Criminal Appeals initially dismissed the appeal as untimely, but later reinstated the appeal and remanded the case for the trial court to state the factors it considered in determining W.DJ.’s ability to pay restitution. W.D.J. v. State, 785 So.2d 385 (Ala.Crim.App.1998). On remand, the trial court complied with the order of the Court of Criminal Appeals. On return after remand, the Court of Criminal Appeals, on February 5, 1999, affirmed W.D.J.’s conviction and sentence, including the restitution assessment, without opinion. Id.
W.D.J. petitioned this Court for a writ of certiorari, and we granted the writ to determine whether the trial court erred in awarding restitution to McKinley. W.D.J. specifically maintains that McKinley’s participation in his own assault disqualifies him from receiving restitution.
The Legislature enacted Art. 4A, “Restitution to Victims of Crimes,” § 15-18-65 et seq., for the purpose of ensuring “that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof.” § 15-18-65, Ala.Code 1975 (emphasis added). The Act provides that a victim may recover from a defendant “[f]ull, partial, or nominal payment of pecuniary damages ” which the victim could recover from the defendant in a civil action arising from the defendant’s criminal behavior. § 15-18-66(2) and (3). While the Act defines “victim” as
“[a]ny person whom the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant’s criminal activities,”
it provides further that, for the purpose of recovering restitution,
“’Victim’ shall not include any participant in the defendant’s criminal activities.” (Emphasis added.)
Alabama law provides that one is a participant, or an accomplice, in a defendant’s criminal behavior if “with the intent to promote or assist in the commission of the offense (l)[h]e procures, induces or causes such other person to commit the offense; or (2)[h]e aids or abets such other person in committing the offense....” § 13A-2-23, Ala.Code 1975. “ ‘The words “aid and abet” comprehend all assistance by acts, words of encouragement, or support, or presence, actual or constructive, to render assistance should it become necessary.’” Wright v. State, 494 So.2d 936, 937 (Ala.Crim.App.1986) (citations omitted).
The evidence establishes that McKinley encouraged and supported W.D.J.’s criminal behavior consisting of drinking beer and driving the vehicle occupied by McKinley. Aware that W.D.J. was not of legal drinking age, McKinley nonetheless shared beer with W.D.J. while W.D.J. drove the vehicle. Thus, the evidence establishes that McKinley “aided and abetted” W.D.J. in driving under the influence in violation of § 32-5A-191(b), Ala.Code 1975. Because W.D.J.’s driving under the influence was an essential element of the assault on McKinley, McKinley contributed to his own assault by encouraging W.D.J. to drink and drive. Accordingly, as a participant in W.D. J.’s criminal behavior, McKinley is excluded from the definition of “victim” and therefore is excluded from a victim’s entitlement to restitution. § 15-18-66, Ala.Code 1975. This analysis, even without more, requires reversal of the restitution order.
A further reason for reversal is that McKinley’s participation in the defen *393 dant’s criminal activity would prevent him from recovering damages in a civil lawsuit alleging negligence or wantonness. If McKinley were to allege that W.D.J.’s negligent conduct caused his injuries, the doctrine of contributory negligence would defeat McKinley’s recovery of any damages. Creel v. Brown, 508 So.2d 684 (Ala.1987). Likewise, the Guest Statute, § 32-1-2, Ala.Code 1975, would bar McKinley’s recovery of damages on a claim of negligence. If McKinley were to allege that W.D.J.’s wanton conduct caused his injuries, the doctrine of in pari delicto would bar McKinley’s recovery of any damages. The doctrine of in pari delicto bars recovery by a plaintiff who is equally as guilty as the defendant in the breach of the law. Wall v. Cotton, 22 Ala.App. 343, 115 So. 690 (1928); and Clark v. Colbert, 67 Ala. 92 (1880). Moreover, this Court has held that “[a] person cannot maintain a cause of action if, in order to establish it, he must rely in whole or in part on an illegal or immoral act or transaction to which he is a party.” Hinkle v. Railway Express Agency, 242 Ala. 374, 378, 6 So.2d 417, 421 (1942). In Oden v. Pepsi Cola Bottling Co., 621 So.2d 953 (Ala.1993), this Court stated that the purpose of the Hinkle rule is to ensure that “ ‘those tvho transgress the moral or criminal code shall not receive aid from the judicial branch of government.’” 621 So.2d at 955 (citations omitted) (emphasis added). Because McKinley knowingly and intentionally participated in W.D.J.’s crime of drinking and driving, Alabama law prohibits McKinley from recovering any damages “for the consequences of [his] own behavior.” Thus, the trial court’s award of restitution to McKinley violates the restriction of restitution to damages that he could “recover against the defendant in a civil action arising out of’ W.D.J.’s criminal behavior. § 15-18-66(2).
For the foregoing reasons, we conclude that the trial court erred in awarding McKinley restitution. Therefore, we reverse the Court of Criminal Appeals’ judgment affirming the award of restitution and remand the cause to that court for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, COOK, SEE, LYONS, and ENGLAND, JJ., concur.
HOOPER, C.J., and HOUSTON, J., dissent.
BROWN, J., recuses herself.*