SARTAIN, Judge.
The accident giving rise to this litigation occurred in the State of Alabama but involved residents of the State of Louisiana.
The plaintiffs are nine in number, including Mr. Norise Gullo, Sr. and eight guest passengers, four of whom are minor children. Mr. Gullo was driving his 1963 Falcon automobile in a westerly direction on County Road No. 35 in Washington County, Alabama, at 9:30 P.M. o’clock, when it collided with a 1966 Simca automobile owned by Earl McDuffie but operated at the time by his son, Dannie. At the moment of impact, the McDuffie automobile was parked on the wrong side of the road and shoulder with its lights on, facing east, the direction from whence Mr. Gullo was traveling.
The trial judge held that Mr. Gullo had ample opportunity to observe the position of the McDuffie vehicle and to take advantage of the remaining portion of the highway in which to pass. Mr. Gullo’s *720 failure to do so constituted negligence on his part which according to the judge a quo was the sole and proximate cause of the collision. Accordingly, he rejected each of the plaintiffs’ demands from which judgment they now appeal.
County Road No. 35 near the scene of the accident was described as a typical rolling country road, of asphalt construction, and twenty-one feet in width. It is bordered by sloping shoulders measuring three to five feet. These shoulders are paralleled by rather deep ditches. The accident occurred at the bottom of an incline. The record does not reveal the degree of slope.
Mr. Gullo testified that as he was proceeding in a westerly direction he approached the crest of the hill. He then noticed the lights of the McDuffie vehicle and assumed that it was traveling in an easterly direction towards him but on its right side of the road. Mr. Gullo stated that when he was about sixty feet from the McDuffie vehicle he then noticed that it was parked on the left-hand portion of the road and shoulder. He explained, however, that he had already commenced his maneuver to pass the vehicle on its left or his right and that it was too late for him to avoid the collision. He cut further to his right and the left front of his vehicle collided with the left front of the Mc-Duffie vehicle. After impact the Gullo vehicle came to rest on its top but at the bottom of the deep ditch paralleling the highway.
The defendants’ version of the accident is completely contrary to that of plaintiffs. Young McDuffie testified that he and a group of his friends had previously participated in a church league softball game in McIntosh, Alabama. They left the game in two vehicles, the McDuffie Simca and a Chevrolet Impala. The driver of the Chevrolet had previously experienced carburetor difficulty and had asked young McDuffie and his friends to follow. They were also traveling in a westerly direction on County Road No. 35 when the Chevrolet again experienced motor difficulty and stopped on the right-hand side (north) of the shoulder and road. Young McDuffie then proceeded past the Chevrolet, turned around and approached it from the west. He proceeded to within several feet of the disabled Chevrolet and parked on the north side of the highway, facing east, with his lights on. The purpose of leaving the lights on was to illuminate the carburetor in the Chevrolet to enable one of the occupants to correct the difficulty.
After the difficulty with the carburetor was corrected, the occupants of the Chevrolet got in and drove off in a westerly direction. About this time Mr. Gullo was nearing the crest of the hill because several occupants of the Gullo vehicle recalled seeing the tail lights of the Chevrolet as it departed.
Young McDuffie stated that he and his companions had gotten into his vehicle and before they could start the motor they observed the approach of the Gullo vehicle on its way down the hill. It appeared at first to turn to its left then abruptly back to its right, indicating to McDuffie from a distance of some 200 feet that an accident was imminent. The Gullo vehicle continued on with the impact occurring as previously explained. The witnesses in the McDuffie vehicle testified that they estimated Mr. Gullo’s speed to be between 70 to 80 miles per hour.
Mr. McDuffie, Sr. went to the scene of the accident the next day and stepped off 210 paces as representing the distance between the top of the hill and the point of collision.
Counsel for plaintiffs was given the opportunity to depose two witnesses, relative to the physical factors pertinent to the scene of the accident, i. e., the incline of the hill, the visibility and point of collision. These witnesses by the use of a tape measure, measured the distance between the point of collision and the edge of the hill at 323 feet.
*721 Defendants offered evidence that the McDuffie vehicle measured 58 inches in width thus supporting their assertion that when it was parked on the north side of the highway on the shoulder, only a small portion of the vehicle remained on the highway thus leaving the balance open for Mr. Gullo to pass.
Plaintiffs’ principal contention is that young McDuffie violated Code of Alabama, Title 36, Sections 9, 25(a) and 95, which relate to the parking of vehicles on a public thoroughfare or highway and provides, inter alia, that no person shall leave any vehicle parked or standing on the paved or improved portion of a highway when it is practical to do otherwise. Section 25(a) specifically provides that a highway shall have an unobstructed width of not less than fifteen feet. Further, that any vehicle left standing on the remaining portion of the highway shall be clearly visible from a distance of at least 200 feet in each direction. Accordingly, plaintiffs contend that the violation of these statutes constitute negligence per se on the part of young McDuffie which dictates their recovery. Murphree v. Campbell, 266 Ala. 501, 97 So.2d 892.
In the case at bar the trial judge determined that the alleged violation of the Alabama statute, that is, the parking of the McDuffie vehicle on the wrong side of the road was not a proximate cause of the accident. This is a conclusion based entirely on questions of fact to be determined on the evidence that is contained in the record. We have reviewed the evidence upon which the trial judge made his determination and we cannot hold as a matter of law that he committed manifest error in his conclusion that the accident was the sole result of Mr. Gullo’s negligence in failing to see the position of the McDuffie vehicle in sufficient time to use the available open portion of the highway to safely pass it. Defendants point out that 19 of the 21 feet of the highway was available to Mr. Gullo for this purpose. To further support the trial judge’s conclusion the record contains evidence to the effect that Mr. Gullo had from 330 to 550 feet to discover the wrongful position of the McDuffie vehicle when Alabama state law requires a minimum of 200 feet under such circumstances.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellants’ costs.
Affirmed.