ADAMS, Justice.
This case has been before us twice previously. This particular appeal deals solely with the issue of when judgment interest began to run; in other words, when was the final judgment entered? We addressed this issue in the case of Raines v. Williams, 397 So.2d 86 (Ala.1981), and, following our holding in that case, we must affirm the judgment in the case sub judice.
On April 23, 1982, a jury verdict was returned in the Cleburne County Circuit Court against Alabama Power Company and in favor of Debra Beam for $250,-000.00. Notice of appeal was filed in this Court on August 30, 1982, but we dismissed the appeal due to the lack of a final judgment. On November 16, 1983, the circuit court entered a final judgment in the case. Debra Beam then filed a motion to alter or amend the judgment entered November 16 to make it effective as of the date of the jury verdict, April 23, 1982.[1] The trial court granted the motion and entered an amended judgment on November 22, 1983. Upon motion of Alabama Power, the appeal was reinstated by this Court on December 12, 1983, and we ultimately affirmed the trial court’s judgment against Alabama Power. See Alabama Power Co. v. Beam, 472 So.2d 619 (Ala.1985).
After receiving the cost bill, in which judgment interest was computed from April 23, 1982, Alabama Power filed a motion for retaxation of costs, asserting that the interest should run only from the date of the final judgment, November 16, 1983. In response to this motion, the trial court issued the following order.
Upon a hearing in open court on August 6, 1985, the Court considered Alabama Power Company’s Motion for Reta-xation of Costs which was filed in response to the cost bill submitted to it by the Clerk of the Cleburne County Circuit Court on or about to-wit, June 21, 1985. This Court finds that the purported entry of judgment entered by Judge Robert Parker herein on April 23, 1982 was determined by the Supreme Court of Alabama, by order dated November 7, 1983, to be legally insufficient as a matter of law under the Alabama Rules of Civil Procedure. Based upon the foregoing and the legal authorities presented by *187 Alabama Power Company in support of its Motion, including, but not limited to, Raines v. Williams, 397 So.2d 86 (Ala.1981), this Court is of the opinion that [Alabama Power Company’s] Motion is well taken.
The court then ordered that the interest be calculated from November 16,1983, instead of April 23, 1982. It is from this order retaxing costs that Debra Beam appeals.
As we have already stated, this issue has been presented to this Court before, in the case of Raines v. Williams, supra. On application for rehearing in that case, we addressed the issue, stating:
The appellant has filed a motion to determine the amount of interest payable on the judgment in this case under Rule 37, Alabama Rules of Appellate Procedure. Rule 37 states that:
Unless otherwise provided by law, if a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is provided by law shall be payable from the date the judgment was entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial. court, the certificate of judgment shall contain instructions with respect to allowance of interest.
In this case, the jury rendered a verdict against the defendants in the amount of $20,000, on October 9, 1979. On December 6, 1979, the defendants appealed to this Court. On September 18, 1980, this Court dismissed the appeal on the grounds that no final judgment was entered on the jury verdict, and, therefore, the judgment under appeal was not final and appealable. On September 22, 1980, the Choctaw Circuit Court entered a judgment in favor of the plaintiff on the jury verdict. On October 3, 1980, the defendants’ motion to reinstate their appeal was granted.
The question here is whether the plaintiff is entitled to interest from the date of the jury verdict or from the date final judgment was ultimately entered on that verdict. We hold that he is entitled to interest from the date of final judgment, as the delay in entering judgment was not caused by the defendants’ actions. This Court, among others, has held that “when the delay in entering judgment on the verdict was occasioned by the party against whom it was rendered, the successful party, on appeal, is entitled to interest from the date of the verdict,” rather than from the later date of judgment. Berry v. Druid City Hospital Board, 333 So.2d 796, 805 (Ala.1976); see Annot, 1 A.L.R.2d 479 (1948). However, when, as here, the delay is not caused by the party against whom the judgment is rendered but by the court responsible for rendering judgment, there is neither reason nor justice in further penalizing the party against whom the judgment was rendered. In such a situation, interest should be paid as given by the statute, “from the date the judgment was entered in the trial court,” ARAP, Rule 37, until final payment. Sanders and Fenwick v. Rives, 3 Stewart 109, 116 (Ala.1830).
397 So.2d at 89, 90. (Emphasis added).
In support of her theory that the amended judgment entered November 22, 1983, serves to make April 23, 1982, the actual final judgment date, Beam cites several cases dealing with judgments nunc pro tunc. However, the statutes containing the procedure for amending judgments nunc pro tunc were repealed with the adoption of the Alabama Rules of Civil Procedure, specifically, Rule 60(a), A.R. Civ.P. Rule 60(a) provides:
(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ.
*188 The Committee Comments to Rule 60(a) state that “this subdivision deals solely with the correction of clerical errors,” and “can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.”
This Court has already stated that a final judgment was not entered until November 16, 1983. A Rule 60(a) motion cannot be used to have that judgment relate back to the date of the jury verdict.
Beam also contends that Alabama Power waited too long to raise this issue and, therefore, that the issue is not properly before this Court on appeal. We disagree. Alabama Power had the right to assume that the circuit court would follow our mandate in Raines v. Williams. When it received a bill which was arrived at in contravention of our holding in Raines, Alabama Power properly questioned the circuit court’s ruling. We are of the opinion that Alabama Power acted correctly in this regard.
For the above-stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.

. According to Alabama Power, it never received notice that this motion was filed with the court.